[No. C062684. Third Dist. June 13, 2011.]

In re JIMMY RICHARDSON on Habeas Corpus.

648

## COUNSEL

Charles M. Bonneau, under appointment by the Court of Appeal, for Petitioner Jimmy Richardson.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Respondent State of California.

## OPINION

**NICHOLSON, Acting P. J.**—Petitioner Jimmy Richardson seeks relief in habeas corpus from his prior strike conviction on the basis of ineffective assistance of counsel. He also asks us to recall the remittitur issued on the underlying appeal on the basis of judicial error. We deny the petition. Many of his claims were addressed earlier on appeal and are not cognizable on a petition for habeas corpus. Those claims that remain fail to show ineffective assistance of counsel or a valid basis for recalling the remittitur.

### FACTS

After a jury convicted petitioner in 2004 of assaulting his wife with a deadly weapon (Pen. Code, § 245, subd. (a)), the court convened a bifurcated jury trial to determine whether petitioner's two prior felony convictions qualified as strikes for purposes of sentencing under the "Three Strikes" law. One of the alleged strikes was a 1992 conviction for evading a police officer and causing serious bodily injury. (Veh. Code, § 2800.3.)

For the evasion conviction to constitute a serious felony and thus a strike, the prosecution had to prove the serious bodily injury suffered by the victim constituted great bodily injury for purposes of the Three Strikes law, and that the victim who suffered the serious bodily injury from the evasion was not an accomplice. (Pen. Code, §§ 1192.7, subd. (c)(8), 1192.8.) In addition, the evidence supporting these factors had to come from the "record of the conviction." (*People v. Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150] (*Guerrero*).)

As to the first factor, the trial court determined the issue of whether serious bodily injury under Vehicle Code section 2800.3 constituted great bodily injury under the Three Strikes law was a question of law for it, and not the jury, to decide. The court determined the least adjudicated elements of the Vehicle Code section 2800.3 conviction proved there was serious bodily injury. It also determined serious bodily injury under Vehicle Code section 2800.3 as a matter of law rose to the level of "great bodily injury" within the meaning of the Three Strikes law.

As to the second factor, the trial court determined the jury would decide whether the victims of the 1992 evasion were also accomplices. The court noted the bare trial court record of the conviction did not show whether the injured victims were accomplices. That was because proving the victims were not accomplices was not an element of the evasion crime. Petitioner had pleaded no contest, so there was no factual record. The statement of facts in our unpublished opinion on the appeal from the 1992 conviction (*People v.*

*Richardson* (June 30, 1993, C014739)) was the only document that showed the victims were not accomplices. In that opinion, we stated petitioner had crashed his vehicle while fleeing law enforcement officers, injuring two occupants of a mobilehome. Our statement was taken from petitioner's probation report. On hearsay grounds, the trial court excluded, incorrectly, our statement of facts from the evidence of whether the 1992 evasion victims were accomplices.

To prove the victims were not accomplices, the prosecution submitted as evidence the probation report in the 1992 evasion case. The report contained a statement by petitioner that on the night of his arrest, he had left a bar after consuming two or three beers and arguing with his brothers there. He was in a state of anger when he passed the California Highway Patrol (CHP) patrol vehicle. At that point, he thought it best to get to his home as quickly as possible as he feared the car he was driving would be impounded if he were stopped because he was driving without a valid license. He also had just purchased the car, and he had not yet registered it in his name or obtained insurance. As other law enforcement vehicles joined the pursuit, he became scared, but he continued in his flight for home. He lost control of the car and crashed into a mobilehome. The prosecutor argued this statement was a de facto admission that the victims were not petitioner's accomplices.

The prosecution also introduced live testimony from the CHP officer who had pursued petitioner's car in 1992. The officer testified he saw only petitioner in the car during the pursuit and after petitioner crashed into a mobilehome.

Based on this evidence, the jury determined the victims of the 1992 evasion were not accomplices, and that the prior strike allegations were true. Pursuant to the Three Strikes law, the court sentenced petitioner for the 2004 assault to state prison for 25 years to life, plus 14 years.

Petitioner appealed his 2004 conviction to this court. (*People v. Richardson* (Aug. 18, 2006, C049430) [nonpub. opn.].) He claimed the trial court erred when it (1) determined serious bodily injury under Vehicle Code section 2800.3 was the legal equivalent of great bodily injury under the Three Strikes law; (2) decided that it, instead of the jury, would determine whether the victims suffered great bodily injury; and (3) admitted the CHP officer's testimony to establish the 1992 evasion victims were not accomplices. Petitioner did not challenge admitting the 1992 probation report statement. In fact, petitioner acknowledged in his opening brief that a defendant's admission contained in a probation report was admissible to prove a strike. *People v. Monreal* (1997) 52 Cal.App.4th 670, 679 [60 Cal.Rptr.2d 737] (Sixth Dist.) (*Monreal*) had so held.

In an unpublished opinion filed August 18, 2006, we affirmed the judgment. We concluded the trial court correctly determined serious bodily injury under Vehicle Code section 2800.3 was the equivalent of great bodily injury for purposes of the Three Strikes law. We also concluded the trial court did not violate constitutional law when it, and not the jury, made that determination and decided the victims' injuries constituted serious bodily injury.

Additionally, we agreed with petitioner's argument challenging the admission of the CHP officer's live testimony. *Guerrero* prevented admitting the officer's testimony, as it was outside the record of conviction. However, we concluded the error was harmless, as petitioner's admission to the probation officer provided sufficient evidence establishing his victims were not accomplices. The jurors could deduce petitioner was alone from his statement's not having mentioned anyone else being in the car.

Petitioner sought review by the California Supreme Court, but on November 29, 2006, the high court denied his petition for review. Our court issued a remittitur on December 4, 2006.

One week later, the Supreme Court, on December 11, 2006, issued an opinion casting a shadow on our ruling that petitioner's admission to his probation officer was admissible to prove a strike. In *People v. Trujillo* (2006) 40 Cal.4th 165 [51 Cal.Rptr.3d 718, 146 P.3d 1259] (*Trujillo*), the high court determined a defendant's postplea admission to a probation officer regarding a prior criminal action is not part of that action's "record of conviction," and the statement cannot be admitted to establish the prior conviction qualified as a strike. (*Id.* at p. 179.) *Trujillo* disapproved *Monreal* and another Court of Appeal decision that upheld using admissions in probation reports to prove a strike, *People v. Mobley* (1999) 72 Cal.App.4th 761, 796 [85 Cal.Rptr.2d 474] (Fourth Dist., Div. One).

About one year later, petitioner filed a habeas corpus petition with the trial court. Among other arguments, petitioner claimed *Trujillo* should apply to his case. The trial court issued an order to show cause limited to the issues of whether petitioner could argue on habeas corpus that a change in law affected our decision on appeal, and if so, whether he was entitled to relief under *Trujillo*.

Following briefing by the parties on these issues, the trial court requested supplemental briefing. Petitioner had raised a claim of ineffective assistance of counsel, so the trial court sought briefing on that topic. It asked the parties to address whether petitioner's appellate counsel had a duty on the underlying appeal to brief the issue of whether *Trujillo* controlled petitioner's case or to seek a stay until *Trujillo* was resolved, and whether appellate counsel's failure to provide that briefing or seek a stay was prejudicial.

Following this additional briefing, the trial court ordered an evidentiary hearing to address whether competent appellate counsel should have been aware that *Trujillo* was pending while petitioner's case was on appeal, and whether appellate counsel should have sought a stay pending *Trujillo*'s resolution.

At the hearing on the petition, Attorney Emry Allen testified for petitioner as an appellate criminal practice expert. In Allen's opinion, a competent attorney handling petitioner's appeal to our court from his 2004 conviction and his petition for review to the Supreme Court should have argued the trial court erred in admitting petitioner's 1992 probation report admission to determine whether the 1992 evasion victims had been accomplices for purposes of applying the Three Strikes law. The Supreme Court had expressly left open the issue of whether admissions in probation reports were admissible to prove a strike in *People v. Reed* (1996) 13 Cal.4th 217, 230–231 [52 Cal.Rptr.2d 106, 914 P.2d 184] (*Reed*). Even though the Court of Appeal in *Monreal* subsequently determined admissions in a probation report are part of the "record of conviction" and thus admissible to prove a strike under *Guerrero*, appellate counsel, in Allen's opinion, still had a duty to argue *Monreal* decided the issue incorrectly, particularly in light of the *Reed* court's express determination not to decide the issue.

Allen also testified appellate counsel's omission of this argument was prejudicial. Petitioner's petition for review was pending when the Supreme Court had likely already decided *Trujillo*, and the high court, had the petition notified it, would have recognized *Trujillo*'s effect on the petition and likely would have given petitioner the benefit of *Trujillo*. These facts, in his opinion, undermined the confidence in the result of petitioner's case and effectively denied him a crucial defense.

Following the hearing, the trial court denied the petition for writ of habeas corpus. First, it determined *Trujillo* was not retroactive. The case established a new rule of law, the rule was not essential to the integrity of the factfinding process, and applying it only prospectively did not risk the conviction of innocent persons.

Second, the trial court disagreed with Allen's testimony and determined petitioner did not suffer ineffective assistance of counsel when his appellate counsel did not challenge the trial court's admission in 2004 of the 1992 conviction probation report. Appellate counsel's performance was not deficient where there had been no indication our court would turn to the probation report to uphold the 2004 conviction of a prior strike. Counsel argued the CHP officer's live testimony should not have been admitted, and

counsel prevailed on that point. It was speculative, the trial court ruled, to contend appellate counsel should have guessed our court would find the error harmless on some basis.

The trial court stated that even if counsel had argued against using the probation report, there is no indication we would have agreed with counsel. Two published and widely accepted appellate opinions upheld admitting statements from probation reports to prove a strike. Moreover, it was not clear that counsel or this court should have been aware the issue was pending in the Supreme Court. The Supreme Court stated the issue on review in *Trujillo* was simply whether the trial court erred by holding a prior conviction was not a strike. Nothing in the high court's statement of the issue indicated it was reviewing the use of statements in a probation report. The trial court denied the petition for these reasons.

Petitioner now seeks habeas corpus relief from this court. He claims he suffered ineffective assistance of counsel when his trial counsel on the 2004 conviction (1) failed to object under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*) to the trial court's determining that the element of serious bodily injury under Vehicle Code section 2800.3 was the legal equivalent of great bodily injury for purposes of determining whether the 1992 conviction under that statute was a serious felony under the Three Strikes law and (2) failed to argue no substantial evidence supported the trial court's determination that petitioner actually caused serious bodily injury when he committed the prior.

Petitioner also claims he suffered ineffective assistance of counsel when his appellate counsel on the 2004 conviction (1) failed to seek reversal based on trial counsel's alleged ineffective assistance; (2) failed to challenge the trial court's use of petitioner's admission recited in the 1992 probation report as evidence to prove the victims of the evasion prior were not accomplices and thus the prior qualified as a strike; and (3) failed to seek recall of our remittitur within 90 days after its issuance after the California Supreme Court issued *Trujillo*.

Petitioner also asks us to recall the remittitur now in light of *Trujillo*.

We conclude petitioner suffered no ineffective assistance of counsel, and there is no valid ground to recall the remittitur at this point.

## DISCUSSION

### I

*Ineffective Assistance of Counsel*

A. *Standard of review*

■ " 'A criminal defendant is guaranteed the right to the assistance of counsel by both the state and federal Constitutions. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) "Construed in light of its purpose, the right entitles the defendant not to some bare assistance but rather to *effective* assistance." ([Citation], italics in original.) In order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was "deficient" because his "representation fell below an objective standard of reasonableness . . . under prevailing professional norms." (*Strickland* v. *Washington* (1984) 466 U.S. 668, 687–688 [80 L.Ed.2d 674, [6]93, 104 S.Ct. 2052]; [*People v. Pope* (1979) 23 Cal.3d 412,] 423–425 [152 Cal.Rptr. 732, 590 P.2d 859].) Second, he must also show prejudice flowing from counsel's performance or lack thereof. (*Strickland, supra,* at pp. 691–692 . . . .) Prejudice is shown when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Citations.]' [Citation.] The United States Supreme Court recently explained that this second prong of the *Strickland* test is not solely one of outcome determination. Instead, the question is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.' (*Lockhart* v. *Fretwell* (1993) 506 U.S. [364, 372] [122 L.Ed.2d 180, 191, 113 S.Ct. 838].) [¶] Similar concepts have been used to measure the performance of appellate counsel. (*In re Banks* (1971) 4 Cal.3d 337, 343 [93 Cal.Rptr. 591, 482 P.2d 215]; *In re Smith* (1970) 3 Cal.3d 192, 202 [90 Cal.Rptr. 1, 474 P.2d 969] [inexcusable failure of appellate counsel to raise crucial assignments of error that arguably could have resulted in reversal deprived defendant of effective assistance of appellate counsel].)" (*In re Harris* (1993) 5 Cal.4th 813, 832–833 [21 Cal.Rptr.2d 373, 855 P.2d 391].)

We apply these standards to petitioner's claims against both his trial counsel and his appellate counsel.

B. *Ineffective assistance by trial counsel*

Petitioner challenges trial counsel's failure to object under *Apprendi* to the trial court's determination that it, and not the jury, would determine whether the element of serious bodily injury under Vehicle Code section 2800.3 was

the legal equivalent of great bodily injury for purposes of determining a serious felony under the Three Strikes law, and whether the victims' injuries constituted serious bodily injury. Petitioner also faults trial counsel for not arguing that no substantial evidence supported the trial court's determination that petitioner actually caused serious bodily injury when he committed the prior.

We found against petitioner on the merits of these issues on his appeal from the 2004 conviction, and that decision is final. He thus cannot complain he suffered ineffective assistance when his trial counsel did not take positions contrary to governing law.

In his appeal, we determined the trial court did not violate *Apprendi* and constitutional law by not having the jury decide whether serious bodily injury equated to great bodily injury for purposes of Three Strikes or whether the victims had in fact suffered serious bodily injury. We also concluded petitioner's plea of no contest to the evasion claim established that he in fact inflicted serious bodily injury.

We wrote: "In *People v. Kelii* [(1999) 21 Cal.4th 452,] 454–459 [87 Cal.Rptr.2d 674, 981 P.2d 518], and in *People v. Epps* [(2001) 25 Cal.4th 19,] 23–28 [104 Cal.Rptr.2d 572, 18 P.3d 2], the Supreme Court held that the determination of whether a prior conviction constitutes a serious felony for purposes of the three strikes law is a question of law to be decided by the trial court, not the jury. In *People v. McGee* (2006) 38 Cal.4th 682 [42 Cal.Rptr.3d 899, 133 P.3d 1054], the majority of the court recently refused to disturb *Kelii* and *Epps* on this point. ([*People v. McGee, supra,*] at pp. 685, 691–695, 699–700, 709.) *Kelii* and *Epps* remain binding on this court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Thus, the trial court correctly decided as a matter of law that the 1992 conviction was a serious felony.

"In any event, the only relevant factual determinations were whether [petitioner] inflicted serious bodily injury and whether the persons he injured were his accomplices. [Petitioner's] plea resolved the first issue and the jury determined the second issue. There was no error." (*People v. Richardson, supra,* C049430.)

For the same reasons, petitioner suffered no ineffective assistance when his 2004 trial counsel reasonably did not object to the trial court deciding his 1992 evasion crime was a serious felony or to the sufficiency of evidence supporting the finding he inflicted serious bodily injury when he committed that crime. *Apprendi* does not require the jury to determine the existence of a prior serious felony, and petitioner's plea and the record established he inflicted serious bodily injury.

Prior to oral argument, petitioner informed us of two recently published opinions he implies challenge our analysis on the application of *Apprendi* to the determination of a serious felony and on the sufficiency of petitioner's plea establishing he inflicted serious bodily injury. Neither case applies here.

The first case is from the federal Ninth Circuit Court of Appeals suggesting our analysis of the *Apprendi* issue in petitioner's appeal was incorrect. In *Wilson v. Knowles* (9th Cir. 2011) 638 F.3d 1213, a divided federal court held it was an objectively unreasonable application of *Apprendi* for a trial court to sustain a strike allegation after it, and not a jury, found that in the prior conviction the defendant was not an accomplice and he personally inflicted great bodily injury on the victim. (*Id.* at pp. 1215–1216.)

■ The California Supreme Court disagrees with the Ninth Circuit. "The United States Supreme Court consistently has stated that the right to a jury trial does not apply to the fact of a prior conviction. [Citations.] '[R]ecidivism . . . is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.' [Citation.]" (*People v. Black* (2007) 41 Cal.4th 799, 818 [62 Cal.Rptr.3d 569, 161 P.3d 1130].) The California Supreme Court and numerous other jurisdictions have interpreted the recidivism "exception to include not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions. [Citations.]" (*Id.* at p. 819; see also *People v. McGee, supra*, 38 Cal.4th at pp. 703–706 [citing cases].)

We are not bound by the Ninth Circuit's decision in *Wilson*. (*People v. Camacho* (2000) 23 Cal.4th 824, 830, fn. 1 [98 Cal.Rptr.2d 232, 3 P.3d 878].) We are bound to follow *Black* and *McGee*. (*Auto Equity Sales, Inc. v. Superior Court, supra*, 57 Cal.2d at p. 455.) So was petitioner's trial counsel. He did not render ineffective assistance by not asserting *Apprendi*.

■ The second recent case submitted by petitioner concerns our and the trial court's analysis that his plea established he inflicted great bodily injury on the victims of his evasion crime. In *People v. Valenzuela* (2010) 191 Cal.App.4th 316 [119 Cal.Rptr.3d 340] (*Valenzuela*), this court determined that a plea to reckless driving that "proximately causes" great bodily injury in violation of Vehicle Code section 23104, subdivision (b), is insufficient to establish the defendant "personally inflicted" great bodily injury, a prerequisite for that conviction to be a serious felony for purposes of the Three Strikes law. (*Valenzuela, supra*, at pp. 321–323; see Pen. Code, § 1192.8, subd. (a).)

Here, petitioner in 1992 pleaded to "proximately causing" serious bodily injury in violation of Vehicle Code section 2800.3. Under *Valenzuela*, petitioner's plea would be insufficient to establish he personally inflicted great

bodily injury. However, unlike in *Valenzuela*, petitioner's plea was not the only evidence before the trial court in 2004 when it determined the 1992 conviction was a strike. Our unpublished opinion on the appeal from the 1992 evasion conviction stated it was petitioner who crashed his vehicle while evading law enforcement officers. Our opinion stated petitioner, while being pursued by law enforcement officers, "failed to negotiate the turn, crashed through a cinder [block] fence, and landed on top of a carport awning attached to a mobile home. The awning gave way, crashed into a car parked beneath it, and damaged another nearby mobile home. Two occupants of that mobile home were injured by flying debris." (*People v. Richardson, supra*, C014739.)

That opinion was admissible evidence on which the trial court in 2004 could rely. (See *People v. Woodell* (1998) 17 Cal.4th 448, 457 [71 Cal.Rptr.2d 241, 950 P.2d 85] (*Woodell*), which we discuss in more detail later.) Our opinion, and not just petitioner's plea, established petitioner was convicted for personally inflicting the injuries. Knowing this, petitioner's trial counsel cannot be faulted for reasonably determining not to object to the sufficiency of evidence showing petitioner personally inflicted great bodily harm.

## C. *Ineffective assistance by appellate counsel*

Petitioner claims his appellate counsel rendered ineffective assistance by failing (1) to claim ineffective assistance by trial counsel; (2) to argue before us that the trial court erroneously admitted his 1992 probation report admission to prove a prior strike; and (3) to request we recall the remittitur within 90 days of its issuance on account of *Trujillo*. Because we have determined petitioner suffered no ineffective assistance by his trial counsel, we need not address his assertion that appellate counsel erred by not claiming trial counsel rendered ineffective assistance.

As to petitioner's other claims against his appellate counsel, we conclude counsel did not render ineffective assistance. Counsel's decision not to raise the argument before us was reasonable, and there was no valid basis for seeking the remittitur's recall.

### 1. *Failure to argue the issue before us*

Petitioner claims appellate counsel's performance on the appeal from his 2004 conviction was deficient because he failed to claim the 1992 probation report admissions were inadmissible to prove a prior strike. This alleged omission occurred before us and in petitioner's petition for review.

Petitioner also claims the omission was prejudicial. He asserts the Supreme Court would have shirked its duty had it not granted review of his appeal in the face of proper briefing and with the imminent decision in *Trujillo*.

We conclude appellate counsel's performance was not deficient. At the time of the appeal, the law allowed using probation report admissions to prove a strike. Appellate counsel could not have reasonably known then that the Supreme Court was about to change the law in its *Trujillo* decision. Counsel thus was not expected to argue against the prevailing law.

■ "We assess the reasonableness of counsel's performance deferentially. [Citations.] We consider counsel's performance from his perspective, analyzing counsel's decisions based on what he knew or should have known at the time. [Citations.]" (*In re Thomas* (2006) 37 Cal.4th 1249, 1257 [39 Cal.Rptr.3d 845, 129 P.3d 49].) "The constitutional standard of performance by counsel is 'reasonableness,' viewed from counsel's perspective at the time of his challenged act or omission. [Citations.]" (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1243–1244 [275 Cal.Rptr. 729, 800 P.2d 1159], superseded by statute on another point as stated in *In re Steele* (2004) 32 Cal.4th 682, 691 [10 Cal.Rptr.3d 536, 85 P.3d 444].)

■ "In evaluating counsel's performance, we assess both the reasonableness of counsel's decisions and the reasonableness of the investigation that underlay each decision. '[B]efore counsel undertakes to act, or not to act, counsel must make a rational and informed decision on strategy and tactics founded upon adequate investigation and preparation.' [Citations.] ' "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." ' (*In re Lucas* (2004) 33 Cal.4th 682, 722 [16 Cal.Rptr.3d 331, 94 P.3d 477], quoting *Strickland*[ *v. Washington*], *supra*, 466 U.S. at pp. 690–691.)" (*In re Thomas, supra*, 37 Cal.4th at p. 1258.)

■ Petitioner claims appellate counsel's failure to recognize the Supreme Court might resolve the issue it left open in *Reed*—whether admissions in probation reports were admissible to prove a strike—and to raise that argument before us and on a petition for review was not reasonable. We disagree. An attorney is not required to be clairvoyant. As a matter of common sense, an attorney is not required to raise an argument based on an as-yet-to-be-filed opinion. (See *People v. Green* (1980) 27 Cal.3d 1, 45 [164 Cal.Rptr. 1, 609 P.2d 468] [counsel did not render ineffective assistance where he decided not to seek a change of venue three weeks before published

opinion regarding venue was released], disapproved on another ground in *People v. Martinez* (1999) 20 Cal.4th 225, 239 [83 Cal.Rptr.2d 533, 973 P.2d 512]; *People v. Russell* (1980) 101 Cal.App.3d 665, 668 [161 Cal.Rptr. 735] [counsel did not render ineffective assistance by not raising a defense in a suppression hearing based on an appellate opinion issued six months after the hearing].)

At the time of petitioner's appeal, two districts of the Court of Appeal had held admissions in probation reports were included in the record of conviction and were admissible to prove a strike. The Supreme Court earlier declined to resolve the issue in *Reed*, and thus the appellate opinions were the extant law. It was not unreasonable for appellate counsel to rely upon these opinions and choose not to challenge them in this appeal.

It also was not unreasonable here because the Supreme Court, when it granted review in *Trujillo*, gave no indication it would resolve the issue it did not address in *Reed*. The court initially granted review in *Trujillo* on a "grant and hold" basis behind another case (*People v. Samples*, S112201) which did not concern the admissibility of probation report admissions to prove a strike. (*People v. Trujillo*, S130080, Supreme Ct. Mins., Feb. 16, 2005; see also *People v. Samples* (Nov. 7, 2002, D039196) [nonpub. opn.], review granted Feb. 25, 2003, S112201, review dism. May 9, 2007.) The court then ordered briefing in *Trujillo* on whether the People could appeal a trial court's order that found a prior conviction was not a strike. (*People v. Trujillo*, S130080, Supreme Ct. Mins., May 18, 2005.) Later, the court ordered supplemental briefing on the merits of the trial court's determination that the prior conviction was not a strike. (*People v. Trujillo*, S130080, Supreme Ct. Mins., Apr. 26, 2006.) Nothing in the court's notices in *Trujillo* would have led an attorney to reasonably believe the court was going to address whether probation report admissions were admissible to prove a strike.

Under these circumstances, appellate counsel's decision not to raise the argument before us or conduct further research into what issues were actually being briefed in *Trujillo* was reasonable and did not constitute ineffective assistance. Because counsel's performance was not deficient, we need not discuss petitioner's claim of prejudice.

### 2. *Failure to request recalling the remittitur*

Petitioner next claims his appellate counsel rendered ineffective assistance by not asking us to recall the remittitur we issued in 2006 after the Supreme Court denied his petition for review. We disagree. As there was no valid basis on which we could have recalled the remittitur, counsel was not deficient for refusing to make the request.

██ "For good cause, a remittitur may be recalled (Cal. Rules of Court, rule 8.272(c)(2)), but good cause is limited. ' "The recall may not be granted to correct judicial error." ' (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 165 [188 Cal.Rptr. 104, 655 P.2d 306], quoting *Southwestern Inv. Corp. v. City of L. A.* (1952) 38 Cal.2d 623, 626 [241 P.2d 985].) Other than to correct clerical errors, a remittitur may be recalled only on the ground of fraud, mistake, or inadvertence. (*Pacific Legal Foundation v. California Coastal Com., supra,* 33 Cal.3d at p. 165.) '[A] decision is inadvertent if it is the result of oversight, neglect or accident, as distinguished from judicial error.' (*Southwestern Inv. Corp. v. City of L. A., supra,* 38 Cal.2d at p. 626.) 'This remedy [recalling the remittitur], though described in procedural terms, is actually an exercise of an extraordinary substantive power . . . ; its significant function is to permit the court to set aside an erroneous judgment on appeal obtained by improper means.' (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 847, p. 909.)" (*In re Gray* (2009) 179 Cal.App.4th 1189, 1195–1196 [102 Cal.Rptr.3d 551].)

No cause existed to justify recalling the remittitur. There is no evidence whatsoever that our decision on appeal from petitioner's 2004 conviction resulted from fraud, mistake, or inadvertence. The decision was not the result of any oversight, neglect, accident, or other clerical error. The decision was not obtained by improper means in any respect, and thus was not subject to remittitur recall.

██ In an argument he did not make before the trial court, petitioner cites to an exception that purports to allow recalling a remittitur where the decision was based on judicial error. "An 'exception' to the rule that a remittitur cannot be recalled to correct an error of law was recognized by California's Supreme Court in *People v. Mutch* (1971) 4 Cal.3d 389 [93 Cal.Rptr. 721, 482 P.2d 633]. 'The remedy of recall of the remittitur may . . . be deemed an adjunct to the writ [of habeas corpus], and will be granted when appropriate to implement the defendant's right to habeas corpus' to correct judicial error. (*Id.* at pp. 396–397, citing *In re Mitchell* (1968) 68 Cal.2d 258, 263 [65 Cal.Rptr. 897, 437 P.2d 289] . . . .)" (*In re Gray, supra,* 179 Cal.App.4th at p. 1198.) In these circumstances, a motion to recall the remittitur is the equivalent of habeas corpus. (*People v. Collins* (1963) 220 Cal.App.2d 563, 566 [33 Cal.Rptr. 638].)

██ Petitioner claims he was entitled to recall of the remittitur, and to habeas corpus relief, because at the time we issued our remittitur, his appeal from his 2004 conviction and sentence under the Three Strikes law was not yet final for purposes of determining *Trujillo*'s retroactivity. Under the rule that even a nonretroactive decision governs all cases still pending on direct review when the decision is rendered (*People v. Guerra* (1984) 37 Cal.3d 385,

400 [208 Cal.Rptr. 162, 690 P.2d 635]), petitioner argues he was entitled to the benefit of *Trujillo* because his appeal was not yet final.

He asserts his appeal was not final for purposes of application of *Trujillo* until the time allowed to petition for a writ of certiorari in the United States Supreme Court had expired.[1] That time period, a period of 90 days from the state Supreme Court's denial of his petition for review (U.S. Supreme Ct. Rules, rule 13; 28 U.S.C. § 2101(c)), expired on February 27, 2007, almost three months after we issued the remittitur. Petitioner claims he suffered ineffective assistance when his appellate counsel did not seek recall of our remittitur during that time period.

For purposes of determining retroactivity, a judgment becomes final at "that point at which the courts can no longer provide a remedy on direct review." (*In re Pine* (1977) 66 Cal.App.3d 593, 595 [136 Cal.Rptr. 718].) It has long been the rule in federal and California courts that a case is not final for purposes of determining the retroactivity and application of a new decision addressing a *federal* constitutional right until direct appeal is no longer available in the state courts, and the time for seeking a writ of certiorari has lapsed or a timely filed petition for that writ has been denied. (*Caspari v. Bohlen* (1994) 510 U.S. 383, 390 [127 L.Ed.2d 236, 246, 114 S.Ct. 948]; *In re Gomez* (2009) 45 Cal.4th 650, 654–655 [88 Cal.Rptr.3d 177, 199 P.3d 574]; *In re Spencer* (1965) 63 Cal.2d 400, 405 [46 Cal.Rptr. 753, 406 P.2d 33].)

However, while the retroactivity of a United States Supreme Court opinion is a matter of federal law, state courts independently determine whether a state court decision addressing a matter of state law is retroactive. (*American Trucking Assns., Inc. v. Smith* (1990) 496 U.S. 167, 177 [110 L.Ed.2d 148, 159, 110 S.Ct. 2323].)

The parties have not cited to us, and we have not found, any California opinion determining the finality of a criminal case for purposes of calculating the retroactivity of a California Supreme Court case addressing an issue of state criminal law, such as *Trujillo*. Petitioner relies on *People v. Vieira* (2005) 35 Cal.4th 264 [25 Cal.Rptr.3d 337, 106 P.3d 990], to claim his appeal was

---

[1] A writ of certiorari issued by the United States Supreme Court is a remedy available on direct review of certain state court cases. By that writ, the high court may review final judgments rendered by the highest court of a state "in which a decision could be had . . . where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of . . . the United States." (28 U.S.C. § 1257(a).)

not final until the time for seeking certiorari had expired. In that case, our Supreme Court determined a statutory amendment favorable to a criminal defendant would apply to any case not yet final, and it held a case was not final for purposes of determining the new statute's retroactivity until the time for seeking a writ of certiorari had passed. (*People v. Vieira, supra,* at pp. 305–306; see also *In re Pine, supra,* 66 Cal.App.3d at p. 595.)

Opposing petitioner, the Attorney General argues *Vieira* is limited to only favorable *statutory* changes and does not apply to changes in law imposed by a judicial decision. However, neither party answers the question of whether the potential availability of petitioning for a writ of certiorari should affect the retroactivity of a state Supreme Court decision that does not involve a federal constitutional right. As we explain, we need not resolve that issue in order to decide this case.

Even when we assume, for purposes of argument only, that petitioner's appeal from his 2004 conviction was not final when *Trujillo* was announced because he still could have sought certiorari, and if we assume appellate counsel's performance was deficient for not seeking recall of the remittitur on that basis, we still would not conclude petitioner suffered ineffective assistance by counsel's omission. That is because petitioner suffered no prejudice and would not have received a more favorable sentence had counsel sought recall.

 There was additional evidence in the record of conviction besides petitioner's 1992 probation report admission that established the victims of his evasion crime were not accomplices and that conviction qualified as a prior strike. That evidence was our opinion on his appeal of the 1992 evasion conviction, evidence the trial court hearing the strike allegations wrongly excluded. "[A]ppellate opinions, in general, are part of the record of conviction that the trier of fact may consider in determining whether a conviction qualifies under the sentencing scheme at issue." (*Woodell, supra,* 17 Cal.4th at p. 457; see also Cal. Rules of Court, rule 8.500(c)(2) [the Supreme Court normally will accept the Court of Appeal opinion's statement of facts when deciding a petition for review].)

"If the appellate court did state the pertinent facts, a trier of fact is entitled to find that those statements accurately reflect the trial record. Moreover, the defendant, who suffered the conviction and took the appeal, would know of and be able to challenge any material flaws or omissions in the opinion." (*Woodell, supra,* 17 Cal.4th at p. 457.)

The *Woodell* court made clear that appellate opinions introduced as part of the record of conviction to prove a strike may be admitted into evidence even

though they may contain factual statements that are not independently admissible under the hearsay rule. (Petitioner's 1992 statement to his probation officer may be such hearsay. (See *Reed, supra*, 13 Cal.4th at p. 230.)) Opinions containing hearsay are admissible because they are not admitted to prove the truth of the hearsay statements. The question before the fact finder when determining a strike allegation is not whether the defendant actually did the actions the opinion states he did, but instead is only whether the defendant's conviction was based on the facts needed to establish a strike. (*Woodell, supra*, 17 Cal.4th at p. 460.)

For example, in *Woodell*, the defendant was charged with burglary and a prior strike conviction out of North Carolina of assault with a deadly weapon inflicting serious injury. The trial court admitted the North Carolina appellate court's opinion, which recited as evidence the defendant's statement to an inmate that he was going to kill someone, and the inmate's statement that he saw the defendant sharpening a scissor blade, and five minutes later saw the defendant stab the victim. (*Woodell, supra*, 17 Cal.4th at pp. 451–452.)

The Supreme Court held the appellate opinion was part of the record of conviction and was properly admitted by the trial court for purposes of determining the existence of a prior strike. The high court saw "no reason to limit the record of conviction to the trial court record and to preclude reference to the appellate court record, including the appellate opinion. Indeed, the appellate record might show the conviction was no longer valid. As the Attorney General notes, it would be absurd to preclude reference to an appellate opinion to show that a conviction had been reversed or modified to a lesser, nonqualifying offense. We also see no basis for allowing one party (the defendant), but not the other party (the prosecution), to rely on the appellate opinion." (*Woodell, supra*, 17 Cal.4th at p. 456.)

The Supreme Court also determined such use of an appellate opinion is not barred by the hearsay rule. The opinion was admissible "for the nonhearsay purpose of determining the basis of the conviction." (*Woodell, supra*, 17 Cal.4th at p. 459.) In that case, to decide whether the prior conviction qualified as a strike, the court could look to the North Carolina appellate opinion to determine whether the basis of the conviction was personal use of a weapon, which would qualify the prior as a strike, or vicarious liability for someone else who used the weapon, which would disqualify the prior as a strike. The court noted the defendant's and the inmate's statements, if offered to prove their truth, would be inadmissible unless an exception to the hearsay rule applied. (*Ibid.*)

However, the question for the fact finder "was not whether defendant did precisely those things, but only whether defendant's conviction was based on

personal weapon use or vicarious liability. The opinion, as a whole, can be considered to decide this question. The appellate court's discussion of the evidence is relevant and admissible, not to show exactly what the defendant did, but to show whether the trial court found, at least impliedly, that the conviction was based on personal use rather than vicarious liability." (*Woodell, supra,* 17 Cal.4th at p. 460.)

So it is here. Our opinion on petitioner's appeal from his 1992 evasion conviction was admissible in his 2004 trial to show whether the trial court in 1992 found, at least impliedly, that his conviction for evasion was based on his inflicting serious bodily injury to nonaccomplices. We found that it was, and the trial court was entitled to rely upon our opinion for that basis.

Even if the Supreme Court were ultimately to limit the scope of *Woodell* and determine under the rule of *Trujillo* that appellate opinions are not part of the record of proceedings to the extent they rely on a probation report as the basis for their statement of facts, our opinion on the appeal of defendant's 1992 evasion conviction would satisfy the higher standard. At the trial court hearing in that case to accept defendant's no contest plea, and *before* the trial court accepted defendant's plea, defense counsel agreed on the record that the victims of that crime were not accomplices. To establish the factual basis for defendant's plea, the prosecutor stated: "[W]hile driving a vehicle in excessive speed in the county of Sacramento, the defendant was chased by marked units with red lights and sirens. He crashed. As a result of the crash, debris caused injury to two victims in a residence." The court then asked defense counsel whether he wished to comment on the factual basis, and he replied he did not. The court determined this was a sufficient factual basis to support defendant's plea and defendant did not object. This exchange before defendant entered his plea is evidence in the record of proceedings that supported the statement of facts in our earlier opinion, and thereby rendered that opinion part of the record of proceedings as well.

Thus, if petitioner had sought recall of the remittitur on the basis of judicial error under *Trujillo,* we would have denied the request. Our opinion on the 1992 evasion conviction stated petitioner's victims were occupants of a mobilehome that was damaged by petitioner's crash. Our opinion is evidence in the record of conviction that establishes the victims of the 1992 evasion conviction were not accomplices, and therefore the evasion conviction qualifies as a prior strike. *Trujillo* would not have changed this result.

Petitioner thus did not suffer ineffective assistance when his appellate counsel did not seek recall of the remittitur. Counsel had no ground to seek the relief, and no prejudice flowed from counsel's decision. Had counsel

sought recall, we would have denied the request as one made on improper grounds and as one that did not demonstrate a mistake of law worthy of habeas corpus relief.

## II

### *Recalling the Remittitur Now*

Petitioner asks us to recall the remittitur now and apply *Trujillo* to his case. However, we will not recall it now for the same reasons we would not have recalled it after *Trujillo*'s issuance. As we have shown, there is no basis for recalling the remittitur as an adjunct of habeas corpus relief. Petitioner suffered no ineffective assistance of counsel, and his conviction was not the result of judicial error worthy of habeas corpus relief. The record establishes the trial court correctly determined his prior conviction of evasion qualified as a strike.

Again, we need not determine whether *Trujillo* is retroactive to petitioner's case. Even if it is, there was additional evidence in the record of conviction in the form of our opinion on petitioner's appeal from his 1992 evasion conviction that established his victims in that crime were not accomplices. The conviction thus qualified as a prior strike.

▪ Moreover, the cases petitioner relies upon to claim we have the authority to recall the remittitur now authorize the remedy in the context of habeas corpus where the appellate court's *dismissal* of the appeal "is shown to result from the ineffective assistance of appellate counsel." (*In re Grunau* (2008) 169 Cal.App.4th 997, 1002–1003 [86 Cal.Rptr.3d 908]; see also *In re Serrano* (1995) 10 Cal.4th 447, 457–459 [41 Cal.Rptr.2d 695, 895 P.2d 936].) This relief is based on the principle that "if possible, appeals should be heard and decided on the merits [citation] . . . ." (*Serrano*, at p. 458.) The remedy is not available here. Petitioner's appeal was heard on the merits, and he has presented no valid ground to attack that decision.

## DISPOSITION

The order to show cause is discharged and the petition for writ of habeas corpus is denied.

Hull, J., and Robie, J., concurred.

A petition for a rehearing was denied July 12, 2011, and on June 29, 2011, and July 12, 2011, the opinion was modified to read as printed above. Petitioner's petition for review by the Supreme Court was denied September 28, 2011, S195067.