**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY RICHARDSON, | No. 14-15984 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-02996-GEB-CKD |
| v. | |
| WILLIAM KNIPP, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted April 12, 2016
San Francisco, California

Before: D.W. NELSON, O'SCANNLAIN, and TROTT, Circuit Judges.

Richardson appeals from the judgment of the district court denying his

petition for a writ of habeas corpus. We affirm.

Richardson advances two issues. The first is whether his appellate counsel

was ineffective for failing to "request that the California Court of Appeal recall its

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

remittitur" because of a change in the law. The second is whether his appellate counsel was ineffective for "failing to challenge the admissibility of Mr. Richardson's probation report to prove a prior strike allegation."

The California Court of Appeal ruled that there were no grounds under California law under which Richardson's counsel could have successfully moved to recall the remittitur. To quote the court's opinion, "Counsel had no ground to seek the relief, and no prejudice flowed from counsel's decision. Had counsel sought recall, we would have denied the request." In re Richardson, 126 Cal. Rptr. 3d 720, 735 (Cal. Ct. App. 2011). The California Supreme Court left this ruling intact. The issue is entirely one of state law and therefore not cognizable pursuant to federal habeas. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The Court of Appeal determined that Richardson's appellate counsel's performance was not constitutionally deficient for failing to challenge the use of a probation report to prove a prior strike. This decision was neither contrary to, nor involved an unreasonable application of clearly established law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The decision was not objectively unreasonable, it was not beyond fairminded disagreement, and it did not amount to an extreme malfunction of justice. See Woods v. Etherton, 136 S. Ct. 1149, 1152-53 (2016). As the Court of Appeal correctly observed,

"Appellate counsel could not have reasonably known then that the [state] Supreme Court was about to change the law in its [People v.] Trujillo [146 P.3d 1259 (Cal. 2006)] decision.  Counsel thus was not expected to argue against the prevailing law."  In re Richardson, 126 Cal. Rptr. 3d at 730.[1]

AFFIRMED.

---

[1]     We remind the Attorney General of California that Federal Rule of Appellate Procedure 28(j) letters supported by decades-old precedent are not to be used to inject an issue into a case that was not argued in the briefs, which is what occurred here.  Because counsel's explanation for such a misstep was that it came from an office pre-argument meeting, we deem this reminder necessary.