Filed 11/16/20  P. v. Phan CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B301797 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA020922) |
| v. | |
| CUONG PHAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge. Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

————————

# INTRODUCTION

Cuong Phan appeals from the superior court's order denying his petition under Penal Code section 1170.95,[1] which allows certain defendants convicted of murder under a felony murder or natural and probable consequences theory to petition the court to vacate their convictions and for resentencing. Phan argues that his petition stated a prima facie case for relief under the statute and that the superior court erred when it considered hearsay evidence in denying his petition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Phan of Second Degree Murder, and This Court Affirms*

On June 4, 1994 Frank Chen was having a party in his parents' backyard to celebrate his graduation from high school. Phan and his friends, members of the Asian Boyz criminal street gang, drove to the party, but were told they could not come in because rival gang members were there. Phan and his fellow gang members left to get weapons.

After obtaining an AK-47 rifle and a .380-caliber revolver, the group drove back to the party in three separate cars. Phan was one of the drivers. The group arrived as the party was ending. Two members of the Asian Boyz gang opened fire on the people who were still at the party, killing two and wounding seven.

---

[1] Undesignated statutory references are to the Penal Code.

The jury found Phan guilty on two counts of second degree murder as an aider and abettor. The jury also found true the allegation a principal was armed with a firearm in the commission of each offense, within the meaning of section 12022, subdivision (a)(1). This court affirmed Phan's conviction. (*People v. Ha* (Sept. 29, 1999, B114255) [nonpub. opn.].)[2]

B. *The Legislature Enacts Senate Bill No. 1437 and Establishes the Section 1170.95 Petition Procedure*

Senate Bill No. 1437, effective January 1, 2019, amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); see *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted Mar. 18, 2020, S260598 (*Lewis*).)[3] Senate Bill No. 1437 added section 1170.95, which provides that a "person convicted of felony murder or murder under a natural and probable consequences

[2] In 2010 we denied Phan's petition for habeas corpus in which he argued "the prosecutor used his peremptory challenges in a discriminatory fashion to remove African-American jurors from the jury panel." (*In re Phan* (Dec. 13, 2010, B216199) [nonpub. opn.].)

[3] The Supreme Court in *Lewis* limited briefing to the following issues: (1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95? (2) When does the right to appointed counsel arise under section 1170.95, subdivision (c)?

3

theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); see *Lewis,* at pp. 1135-1136.)

Senate Bill No. 1437 added section 189, subdivision (e), which provides:  "A participant in the perpetration or attempted perpetration of a felony . . . in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."

Section 1170.95 prescribes the process the court must follow in ruling on a petition for resentencing.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 327, review granted Mar. 18, 2020, S260493 (*Verdugo*).)  First, the petitioner submits a petition for relief, which includes a declaration he or she is eligible for relief

4

and a request for counsel, if any.  (§ 1170.95, subd. (b)(1); *Verdugo,* at p. 327.)

Second, before ordering briefing, the superior court determines whether the petitioner has made a prima facie showing he or she is eligible for resentencing.  (§ 1170.95, subd. (c); *Verdugo, supra*, 44 Cal.App.5th at p. 328.)  In making this determination, the court may consider the record of conviction and readily available documents in the court file, including the charging information and jury instructions. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 908, review granted Aug. 12, 2020, S263219; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481 (*Edwards*).)  An unpublished court of appeal opinion is part of the record of conviction.  (*Verdugo,* at p. 333; *Lewis, supra*, 43 Cal.App.5th at p. 1138.)

The court may summarily deny a petition under section 1170.95 based on the court's review of the record of conviction. (*Edwards, supra*, 48 Cal.App.5th at p. 674; *Verdugo, supra*, 44 Cal.App.5th at p. 333; *Lewis, supra*, 43 Cal.App.5th at p. 1138.)  The court may deny a petition at this stage of the proceedings if the record of conviction includes "information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding [Senate Bill No.] 1437's amendments to sections 188 and 189." (*Verdugo,* at p. 330.)  Alternatively, if information "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2); see *Edwards,* at p. 672.)  If the petitioner

5

requested counsel, the superior court does not have a duty to appoint counsel until the court makes the threshold determination that the petitioner "'falls within the provisions'" of the statute. (*Lewis,* at p. 1140; see *Verdugo*, at p. 332 ["The structure and grammar of [section 1170.95, subdivision (c),] indicate the Legislature intended to create a chronological sequence: first, a prima facie showing, thereafter, appointment of counsel for petitioner; then, briefing by the parties."]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [superior court is not statutorily required to appoint counsel if the petitioner "is indisputably ineligible for relief"], review granted Mar. 18, 2020, S260410; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 122-123 [disagreeing with *Verdugo* and concluding "a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed"], review granted Nov. 10, 2020, S264684.)

Third, if the court determines after reviewing the record of conviction the petitioner is not ineligible as a matter of law, the court appoints counsel for the petitioner if requested, directs the prosecutor to file a response within 60 days, and permits the petitioner to file a reply within 30 days of receiving the prosecutor's response. (§ 1170.95, subd. (c); *Verdugo, supra*, 44 Cal.App.5th at p. 332.) If the petitioner makes the prima facie showing he or she is entitled to relief, the superior court must issue an order to show cause. (§ 1170.95, subd. (c).) Finally, "[w]ithin 60 days after the order to show cause has issued, the court shall hold a hearing" to determine whether to resentence the petitioner. (§ 1170.95, subd. (d)(1); see *Verdugo,* at p. 327.) The court should not issue an order to show cause or have a hearing "unless the court first determines a prima facie showing

6

of entitlement to relief." (*Edwards, supra*, 48 Cal.App.5th at p. 673.)

### C. *Phan Petitions for Resentencing Under Section 1170.95*

On January 2, 2019 Phan, representing himself, filed a form petition under section 1170.95, asking the superior court to vacate his second degree murder convictions and to resentence him. In his petition, Phan checked boxes stating that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019" and that "I was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019." Phan also checked the box stating, "I request that this court appoint counsel for me during this re-sentencing process."

On January 18, 2019 the superior court appointed counsel to represent Phan with "respect to the pending petition" and ordered the prosecutor to "take appropriate steps to respond and/or appear." On March 7, 2019 the People filed an opposition to the petition, arguing Senate Bill No. 1437 was unconstitutional. The People subsequently filed a supplemental response arguing Phan was ineligible for relief under section 1170.95 because he "was not convicted under the felony-murder rule or under the natural and probable consequences doctrine." The People attached to their supplemental response this court's decision in *People v. Ha, supra*, B114255, as well as a portion of the trial transcript showing that the People withdrew their request for a jury instruction on natural and probable

consequences and that the court gave an instruction on direct aiding and abetting. Phan filed a reply to the People's opposition.

On September 10, 2019 the superior court held a hearing on the petition. The court stated it had "focused on the appellate decision, as well as [the parties'] points and authorities, and . . . concluded that this case qualifies for a summary denial, which means that I don't think it should go any further." When counsel for Phan objected, the court stated: "I did not, obviously, try this case; although as luck would have it, I did a huge habeas . . . in this case . . . not involving this defendant but involving Hum Bang, who was the shooter. Needless to say, there [was] no natural and probable consequences theory upon which the People proceeded in this case. There is no felony murder theory upon which the People proceeded in this case. That is borne out by the fact that there were no jury instructions to that effect. Secondly, the appellate decision clearly indicates that the defendant Phan was convicted on an aiding and abetting theory."

In its minute order, the court stated: "The People proceeded only on an aiding and abetting murder theory argument [against] defendant Phan. There is no indication in the trial record that felony murder or natural and probable consequence was used by the prosecution as a theory to convict defendant Phan of murder. There were no jury instructions given by the judge as to felony murder or natural and probable consequences. The appellate court in . . . reviewing the case made it absolutely clear it was sustaining the conviction against . . . Phan because the prosecution had met its burden of proof that defendant Phan was guilty of murder based on aider and abettor liability. In finding there was sufficient evidence to support Phan's conviction based on aider and abettor liability, the

8

court found that 'the evidence demonstrates Phan acted with knowledge[ ] of the criminal purpose of the perpetrator and with an intent or purpose of either committing, or of encouraging or facilitating commission of the target offense.' . . . Defendant Phan is not eligible under the statutory provisions of Penal Code section 1170.95 to any relief. Accordingly, his petition is summarily denied without a sentencing hearing." Phan timely appealed.

## DISCUSSION

Phan does not argue that the jury was instructed on or that he was convicted under either a felony murder or natural and probable consequences theory. In fact, the record shows that the court and counsel discussed the jury instructions and that, although the prosecutor originally requested the CALJIC instruction on the natural and probable consequences doctrine, CALJIC No. 3.02, the prosecutor withdrew that request and the court did not give the instruction. (See *People v. Hardy* (2018) 5 Cal.5th 56, 93 [CALJIC No. 3.02 instructs on the natural and probable consequences doctrine].) The court gave only the CALJIC instruction on direct aiding and abetting, CALJIC No. 3.01, which stated that a "person aids and abets the commission of a crime when he or she with knowledge of the unlawful purpose of the perpetrator" and "with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aids, promotes, encourages, or instigates the commission of the crime." (See *People v. Pearson* (2012) 53 Cal.4th 306, 321 [CALJIC No. 3.01 instructs that "an aider and abettor must know of the direct

perpetrator's unlawful purpose and must act with the intent of furthering the perpetrator's crime"].)

Phan's only argument is procedural. Phan contends the superior court "improperly conflated the discrete procedural provisions of subdivisions (c) and (d)" of section 1170.95 and "cherry-picked" evidence to summarily deny the petition. According to Phan, "section 1170.95 does *not* permit receipt of evidence for the prima facie showing determination set forth in subdivision (c), but rather limits evidentiary consideration to proceedings under subdivision (d), which authorizes courts to consider records of conviction and such new or addition[al] evidence as may be relevant to appellant's resentencing for his murder conviction."

In *Verdugo,* however, we rejected this argument and held that a "court of appeal opinion, whether or not published, is part of the appellant's record of conviction" and that the superior court may consider it "in determining whether [the defendant] had made a prima facie showing of eligibility for relief under section 1170.95 or whether he was ineligible for relief as a matter of law." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 333; accord, *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140, review granted Oct. 14, 2020, S264284; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14, review granted Oct. 14, 2020, S264033; *People v. Law* (2020) 48 Cal.App.5th 811, 820-821, review granted July 8, 2020, S262490; *Lewis*, *supra*, 43 Cal.App.5th at pp. 1134, 1138.) Thus, contrary to Phan's contention, the superior court properly considered our prior opinion in ruling Phan failed to make a prima facie showing under section 1170.95, subdivision (c).

Phan argues "the resentencing court improperly considered hearsay contained in the prior appellate opinion." Phan,

10

however, forfeited this argument by not making a hearsay objection in the superior court.  (See *People v. Perez* (2020) 9 Cal.5th 1, 7 ["Ordinarily, 'the failure to object to the admission of . . . hearsay at trial forfeits an appellate claim that such evidence was improperly admitted'"]; *People v. Stevens* (2015) 62 Cal.4th 325, 333 ["the failure to object to the admission of . . . hearsay at trial forfeits an appellate claim that such evidence was improperly admitted"]; *People v. Panah* (2005) 35 Cal.4th 395, 476 ["With respect to the hearsay claim, '"[i]t is settled law that incompetent testimony, such as hearsay or conclusion, if received without objection takes on the attributes of competent proof when considered upon the question of sufficiency of the evidence to support a finding."'"].)

Even if preserved, however, Phan's hearsay argument is meritless.  Generally, "the appellate opinion itself, representing the action of a court, clearly comes within the exception to the hearsay rule for official records."  (*People v. Woodell* (1998) 17 Cal.4th 448, 458; accord, *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800; see *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 885 ["[u]nder section 1280 of the Evidence Code, appellate opinions do come within the exception to the hearsay rule for official records," although "while an official record of an appellate opinion can be admitted to prove the truth of the facts asserted, the most it may prove is that the appellate opinion was delivered and that the court made orders, factual findings, judgments and conclusions of law"]; cf. *People v. Guilford* (2014) 228 Cal.App.4th 651, 660 ["To the extent our prior appellate opinion may be viewed as 'hearsay,' it is still admissible in the context of a Proposition 36 eligibility review.  Reliable hearsay is deemed sufficient for purposes of

11

revoking probation or parole, somewhat analogous proceedings where a defendant's due process rights are less than those at the initial criminal proceeding."].)  The superior court here properly used the appellate opinion in Phan's direct appeal to determine the jury convicted Phan of murder as a direct aider and abettor, not under a felony murder or natural and probable consequences theory.  (See *Woodell*, at p. 460 ["The appellate court's discussion of the evidence is relevant and admissible, not to show exactly what the defendant did, but to show whether the trial court found, at least impliedly, that the conviction was based on personal use rather than vicarious liability."]; *In re Richardson* (2011) 196 Cal.App.4th 647, 666-667 [superior court was entitled to rely on a prior appellate court opinion to show the defendant's prior conviction "was based on his inflicting serious bodily injury to nonaccomplices"].)

And the superior court read our opinion correctly.  Phan argued in his direct appeal that he could not "be found guilty of aiding and abetting merely because he associated with the actual perpetrators of the crime."  (*People v. Ha, supra*, B114255.)  In affirming Phan's conviction, we stated:  "The evidence demonstrates Phan acted 'with knowledge of the criminal purpose of the perpetrator and with an intent or purpose of either committing, or of encouraging or facilitating commission of, the target offense.'  [Citation.]  Indeed, the evidence in the instant case goes far beyond mere gang membership:  Phan and his co-defendants were all members of the Asian Boyz, which had recently been humiliated by the killing of its member . . . .  The Asian Boyz had a motive to retaliate.  On the night of the shooting, the group spent the better part of an evening, after being informed rival gang members were at a party, searching for

weapons.  They had to travel to three different locations to finally procure a suitable weapon.  They returned to the party, and even after being told the party was over, several of them disembarked from the three vehicles they had taken to the party, ran into the backyard, and immediately began shooting.  Once they had shot several people, they ran back to their cars and rapidly departed the scene.  This conduct, taken in conjunction with all of the other evidence . . . , establishes Phan acted with the necessary criminal knowledge and intent to be found guilty on an aider and abettor theory." (*People v. Ha*, *supra*, B114255.)

As the court stated in *Lewis*, *supra*, 43 Cal.App.5th 1128, in words equally applicable to this case:  "Stated differently, we held that the record established that the jury found defendant guilty beyond a reasonable doubt on the theory that he directly aided and abetted the perpetrator of the murder.  The issue whether defendant acted as a direct aider and abettor has thus been litigated and finally decided against defendant. . . .  This finding directly refutes defendant's conclusory and unsupported statement in his petition that he did not directly aid and abet the killer, and therefore justifies the summary denial of his petition based on the authorities and policy discussed above." (*Id*. at pp. 1138-1139.)  Therefore, the superior court did not err in concluding that Phan did not make a prima facie showing for relief under section 1170.95.  (See *Verdugo*, *supra*, 44 Cal.App.5th at p. 333.)

Nor did the superior court improperly consider facts in a habeas petition filed by one of Phan's co-defendants.  At the hearing on Phan's petition for resentencing, the superior court judge hearing Phan's petition mentioned the co-defendant's habeas petition essentially to let the parties know he had some

13

familiarity with the case despite the fact he was not the sentencing judge in Phan's trial.[4]  Nothing in the record suggests the superior court relied on the co-defendant's habeas petition in summarily denying Phan's petition.

## DISPOSITION

The order denying Phan's petition for resentencing under section 1170.95 is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.          DILLON, J.[*]

---

[4]     The sentencing judge was not available.  (See *People v. Santos* (2020) 53 Cal.App.5th 467, 473-474 [section 1170.95 "directs the presiding judge of the sentencing court to designate the judge who sentenced petitioner to rule on the filed petition, unless that judge is not available"].)

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.