[No. C061539. Third Dist. Dec. 28, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ANGEL FELIX VALENZUELA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II., III. and IV. of the Discussion.

**COUNSEL**

Cathy A. Neff, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, David A. Rhodes and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BUTZ, J.**—In a bifurcated proceeding, the trial court determined that defendant Angel Felix Valenzuela was previously convicted of a "serious" felony within the meaning of the three strikes law and thus the prior conviction qualified as a "strike." Defendant contends that decision is not supported by sufficient evidence. We agree.

## PROCEDURAL AND FACTUAL BACKGROUND

The underlying facts are not disputed. An amended complaint was filed on August 18, 2008, charging defendant with second degree burglary in violation of Penal Code section 459[1] (count one) and grand theft in violation of section 487, subdivision (a) (count two). The amended complaint further alleged that defendant had a prior strike conviction in 2000 for a serious or violent felony within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12) and served a prior prison term (§ 667.5, subd. (b)).

---

[1] Undesignated statutory references are to the Penal Code.

Following a jury trial, defendant was convicted of burglary and grand theft. Defendant waived his right to a jury determination of the truth of the prior conviction and prior prison term enhancement allegations.

The court held a bench trial on the enhancement allegations. The court admitted into evidence certified copies of records showing defendant was previously convicted in 2000 of violating Vehicle Code section 23104, subdivision (b)—reckless driving that proximately causes great bodily injury—with a prior conviction for the same.

The People argued that defendant's prior conviction was for a serious felony within the meaning of section 1192.8, and thus constituted a strike under the three strikes law. Defense counsel disagreed, arguing the People failed to prove the prior conviction was for a serious felony.

The following documents were submitted by the People to prove the prior conviction: (1) handwritten minute orders; (2) a fingerprint form; (3) minute orders from defendant's plea; (4) an abstract of judgment and order of probation; (5) an amended complaint filed December 7, 1999, charging defendant with reckless driving that "did proximately cause great bodily injury to" three victims, including a 12-year-old child; (6) a reporter's transcript of the hearing at which defendant's plea was taken,[2] and (7) a section 969b packet from California's Department of Corrections and Rehabilitation.

The reporter's transcript of defendant's plea hearing includes the following as the factual basis for defendant's plea: "On the date stated in the complaint, in the County of Sacramento, the defendant drove his vehicle upon a highway with willful[] and wanton disregard for the safety of other persons, did drive his vehicle recklessly, did approximately [*sic*] cause great bodily injury upon Susan and John Houk, H-O-U-K, within the meaning of Penal Code section 12022.7 . . . ." Defendant's counsel agreed to the description of the crime, asking only that the minor victim be included in the charge.

Defense counsel argued the People failed to prove the prior conviction was a serious felony because they failed to prove the victims were not accomplices to defendant's crime.[3] The People responded that because one of the victims was a minor, the record of conviction proved there was at least one

---

[2] Apparently, defendant pleaded twice in the prior case. The reporter's transcript included in the record is from the second hearing when defendant reaffirmed his prior plea.

[3] Section 1192.8 provides in relevant part: "For purposes of subdivision (c) of [Penal Code] Section 1192.7, 'serious felony' also means any violation of . . . subdivision (b) of Section 23104 . . . of the Vehicle Code, when any of these offenses involve the personal infliction of great bodily injury on any person other than an accomplice . . . ." (§ 1192.8, subd. (a).)

victim who was statutorily incapable of being an accomplice, absent clear and convincing evidence he knew of the wrongful act at the time it was committed.

The trial court was not persuaded by defendant's argument. The court determined the prosecution proved defendant's prior 2000 conviction was a serious felony. The court also found true the allegation that defendant served a term in prison for the prior conviction.

The court then sentenced defendant to an aggregate term of three years eight months: (1) the low term of 16 months for count one, doubled for the strike; (2) the low term of 16 months for count two, doubled for the strike and stayed pursuant to section 654; and (3) an additional one year for defendant's prior prison term, pursuant to section 667.5, subdivision (b).

Defendant timely appeals.

## DISCUSSION

### I. The Record Contains Insufficient Evidence to Support a Finding That Defendant's Prior Conviction Was for a Serious Felony

Defendant contends there is insufficient evidence to prove his 2000 conviction for reckless driving, which proximately caused great bodily injury, was for a serious felony.

Defendant's 2000 conviction was determined by the court to be a qualifying "serious" prior felony conviction, requiring his sentence in the current proceeding to be doubled. (§ 1170.12, subds. (b)(1), (c)(1).) Section 1192.8 defines a "serious" felony as including "any violation of . . . subdivision (b) of Section 23104 . . . of the Vehicle Code, when any of these offenses involve the *personal infliction* of great bodily injury on any person other than an accomplice . . . ." (§ 1192.8, subd. (a), italics added.) The People had the burden to prove each of the elements of this definition beyond a reasonable doubt. (See *People v. Henley* (1999) 72 Cal.App.4th 555, 562 [85 Cal.Rptr.2d 123].)

We review defendant's challenge to the trial court's serious felony finding in accordance with the usual rules on appeal applicable to claims of insufficient evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103] (*Ochoa*); *People v. Cortez* (1999) 73 Cal.App.4th 276, 279 [86 Cal.Rptr.2d 234].)

" 'The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*Ochoa, supra*, 6 Cal.4th at p. 1206.)

The prosecution is entitled to go beyond the least adjudicated elements of the prior offense and use the entire record to prove the prior conviction was for a serious or violent felony. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261–262 [70 Cal.Rptr.2d 334, 949 P.2d 31]; *People v. Guerrero* (1988) 44 Cal.3d 343, 352 [243 Cal.Rptr. 688, 748 P.2d 1150].) When, however, the record fails to disclose the facts of the prior crime, the court must presume the prior conviction was for the least offense punishable under the statute. (*People v. Rodriguez, supra*, 17 Cal.4th at p. 262; *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508 [50 Cal.Rptr.3d 161].)

Vehicle Code section 23104 is violated whenever reckless driving of a vehicle "*proximately causes great bodily injury* to a person other than the driver . . . ." (Veh. Code, § 23104, subd. (b), italics added.) With nothing more than defendant's bare plea, we must assume defendant's reckless driving proximately caused injury to another person. (See *People v. Bueno, supra*, 143 Cal.App.4th at p. 1508.) But the fact that defendant proximately caused great bodily injury to another person does not establish that defendant *personally inflicted* great bodily injury to another person.

"[T]he statutory term 'personally inflict' has a distinct meaning, which is something different than proximate cause. (*People v. Cole* (1982) 31 Cal.3d 568 [183 Cal.Rptr. 350, 645 P.2d 1182] . . . .)" (*People v. Rodriguez* (1999) 69 Cal.App.4th 341, 348 [81 Cal.Rptr.2d 567] (*Rodriguez*).) Case law establishes that proof a defendant proximately caused great bodily injury does not constitute proof the defendant personally inflicted such injury. (*People v. Bland* (2002) 28 Cal.4th 313, 337 [121 Cal.Rptr.2d 546, 48 P.3d 1107]; *People v. Jackson* (2000) 77 Cal.App.4th 574, 580 [91 Cal.Rptr.2d 805]; *Rodriguez, supra*, 69 Cal.App.4th at pp. 347–348.)

The Supreme Court considered whether section 12022.53, subdivision (d) requires that a defendant personally inflict great bodily injury or death. (*People v. Bland, supra*, 28 Cal.4th at pp. 333–338.) The court noted that "Section 12022.53[, subdivision ](d) requires that the defendant 'intentionally and *personally* discharged a firearm' (italics added), but only that he 'proximately caused' the great bodily injury or death." (*Bland*, at p. 336.) The court observed, "[p]roximately causing and personally inflicting harm are two different things." (*Ibid.*)

In *Rodriguez*, the Court of Appeal, First Appellate District, Division Two, emphasized the distinction between proximately causing and personally inflicting great bodily injury. (*Rodriguez, supra,* 69 Cal.App.4th at pp. 347–348.) There, the court considered whether a defendant's prior conviction for resisting a police officer and proximately causing serious bodily injury (§ 148.10) constituted a serious felony. The court explained that defendant Rodriguez's prior felony conviction would constitute a serious felony only if he personally inflicted great bodily injury in the prior case. (*Rodriguez,* at pp. 347–348.) The court held that the trial court erroneously instructed the jury it could find the prior conviction constituted a serious felony if it found Rodriguez had proximately caused great bodily injury in the prior case, stating: "To 'personally inflict' an injury is to directly cause an injury, not just to proximately cause it. The instruction was wrong because it allowed the jury to find against Rodriguez if the officer's injury was a 'direct, natural and probable consequence' of Rodriguez's action, even if Rodriguez did not personally inflict the injury." (*Ibid.*)

The Court of Appeal, Fifth Appellate District, again recognized this distinction in *People v. Guzman* (2000) 77 Cal.App.4th 761, 763 [91 Cal.Rptr.2d 885]. There, the court rejected Guzman's challenge to the trial court's finding that he personally inflicted great bodily injury (Pen. Code, § 12022.7) while driving under the influence of alcohol and causing bodily injury to another person (Veh. Code, § 23153, subd. (a)) and driving with a 0.08 percent blood-alcohol level or more and causing bodily injury (Veh. Code, § 23153, subd. (b)). Guzman made an unsafe left turn in front of one vehicle and collided with another vehicle. His passenger was seriously injured. (*Guzman, supra,* 77 Cal.App.4th at p. 763.)

In analyzing Guzman's claim, the court acknowledged that in order for the great bodily injury enhancement to apply, "the defendant must directly cause an injury, not just proximately cause it." (*People v. Guzman, supra,* 77 Cal.App.4th at p. 764, citing *Rodriguez, supra,* 69 Cal.App.4th at p. 347.) The court concluded, however, that Guzman's turn into oncoming traffic was a "volitional act" and the direct cause of the collision. Thus, Guzman personally inflicted the injury on his passenger. (*Guzman,* at p. 764.)

Here, accordingly, defendant's admission that he, and not an accomplice, drove recklessly and proximately caused great bodily injury, is insufficient to prove his prior conviction was for a serious felony. The People must also prove defendant "directly, personally, himself inflict[ed] the injur[ies]" to his victims. (*Rodriguez, supra,* 69 Cal.App.4th at p. 349.) While the bare facts of his plea establish that defendant's reckless driving was a volitional act, we are still left to speculate on the precise cause of the victims' injuries. Unlike in *Guzman*, where the trial court expressly determined that Guzman made an

unsafe left turn in front of one vehicle and collided with another, directly causing injury to his victim, here we have no facts describing the cause of the victims' injuries. It could be that the victims were injured when another driver swerved to avoid defendant and that driver's vehicle collided with the victims. In such a case, the other driver's volitional act of swerving out of defendant's path would be the direct cause of the victims' injuries, though defendant's reckless driving would still be the proximate cause.

■ It also is not sufficient that defendant admitted he "did approximately [*sic*] cause great bodily injury . . . within the meaning of Penal Code section 12022.7." Section 12022.7 does not define "proximately causing great bodily injury." Indeed, the term "proximately cause" appears nowhere in the statute. What is defined in section 12022.7 is "great bodily injury," which is defined as a significant or substantial physical injury. (§ 12022.7, subd. (f).) Thus, in defendant's admission that he "did approximately [*sic*] cause great bodily injury upon [the victims], within the meaning of Penal Code section 12022.7," the phrase "within the meaning of Penal Code section 12022.7" can refer only to the term "great bodily injury," not "proximately cause." Any other interpretation would be without foundation in the statute.

■ Defendant's bare plea to violating Vehicle Code section 23104, subdivision (b) does not prove he personally inflicted great bodily injury on his victims. Without additional facts regarding the crime, there is insufficient evidence that defendant's prior conviction was for a serious felony within the meaning of Penal Code section 1192.8. We shall remand the case to the trial court with directions that the People be afforded the opportunity to present sufficient evidence that defendant was previously convicted of a serious felony. ■ (*People v. Barragan* (2004) 32 Cal.4th 236, 239 [9 Cal.Rptr.3d 76, 83 P.3d 480] ["[R]etrial of a strike allegation is permissible where a trier of fact finds the allegation to be true, but an appellate court reverses that finding for insufficient evidence."].)

## II.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is reversed to the extent it is based on the trial court's finding that defendant was previously convicted of a serious felony. The People shall have 60 days after the remittitur is filed in which to give notice of their intent to seek retrial of the prior serious felony conviction allegation.

---

*See footnote, *ante*, page 316.

If the People give such notice, the court shall hold a new trial on the prior serious felony allegation. If the People fail to give such notice, the court shall resentence defendant in accordance with this opinion, including the award of additional section 4019 credits as discussed in the unpublished portion of this opinion. In all other respects, the judgment is affirmed.

The sentencing minute orders and amended abstract of judgment are ordered corrected to include the additional one year in state prison imposed as a result of defendant's prior prison term pursuant to section 667.5, subdivision (b). The trial court is directed to deliver a certified copy of the corrected abstract of judgment to California's Department of Corrections and Rehabilitation.

Blease, Acting P. J., and Nicholson, J., concurred.