Filed 4/22/16  P. v. St. Pierre CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

**(Sacramento)**

----

|  |  |
|---|---|
| THE PEOPLE, | C078653 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F05637) |
| v. |  |
| SCOTT RICHARD ST. PIERRE, |  |
| Defendant and Appellant. |  |

A jury found defendant Scott Richard St. Pierre guilty of willfully evading a police officer causing serious bodily injury (Veh. Code, § 2800.3, subd. (a)).  In a bifurcated proceeding, the trial court found true the special allegations that defendant's previous conviction for gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a))[1] qualified as a serious felony (§ 667, subd. (a)(1)) and a strike under California's three strikes law (§ 1170.12).  The trial court sentenced defendant to 19 years in state

---

[1] Undesignated statutory references are to the Penal Code.

1

prison.  On appeal, defendant contends there was insufficient evidence to support the trial court's finding that his prior conviction for gross vehicular manslaughter while intoxicated qualified as a serious felony and strike.  The People agree as do we.  We shall reverse and remand this matter for further proceedings.  In all other respects, the judgment is affirmed.

## PROCEDURAL BACKGROUND

After a jury found defendant guilty of willfully evading a police officer causing serious bodily injury (Veh. Code, § 2800.3, subd. (a)), a bench trial was held on the sentence enhancement allegations.  To prove the allegations, the prosecution introduced documentary evidence.  With regard to defendant's prior conviction for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), the prosecutor submitted various documents, including a first amended felony complaint, an advisement and waiver of rights form, several minute orders, an abstract of judgment, and an amended abstract of judgment.  The amended abstract of judgment indicates defendant was convicted by plea of violating section 191.5, subdivision (a) on September 30, 2004, and was sentenced to 10 years in state prison.

Based on the evidence submitted by the prosecutor, the trial court determined, without a specific discussion of the basis of its determination, that defendant's violation of section 191.5, subdivision (a) constitutes a serious felony (§ 667, subd. (a)(1)) and a strike under the three strikes law.  The trial court also determined that defendant had served a prior prison term (§ 667.5, subd. (b)) and was out on bail at the time he committed the instant offense (§12022.1).

The trial court sentenced defendant to an aggregate term of 19 years in prison, consisting of:  seven years for violating Vehicle Code section 2800.3, subdivision (a), doubled for the strike; an additional five-year term for the prior serious felony; and an

2

additional two-year term, which was imposed but stayed, for defendant's commission of the instant offense while out on bail (§ 12022.1).

Defendant filed a timely notice of appeal.

## DISCUSSION

### I. Insufficiency of the Evidence

Defendant contends, and the People agree, that there was insufficient evidence to support the trial court's determination that his prior conviction for gross vehicular manslaughter while intoxicated constitutes a serious felony and a strike under the three strikes law. We agree.

Under California's three strikes law, a defendant's sentence is enhanced upon proof that the defendant has been previously convicted of a "strike"—a violent felony as defined in section 667.5, subdivision (c), or a "serious felony" as defined in section 1192.7, subdivision (c). (§§ 667, subd. (f)(1), 1170.12, subd. (d)(1).) Although a violation of section 191.5 is not among the crimes listed in those statutory provisions, it qualifies as a serious felony within the meaning of section 1192.7, subdivision (c) when it "involve[s] the personal infliction of great bodily injury on any person, other than an accomplice . . . ."[2] (§ 1192.8, subd. (a).) The People had the burden to prove each of the elements of this definition beyond a reasonable doubt. (See *People v. Henley* (1999) 72 Cal.App.4th 555, 562 (*Henley*).)

---

[2] "Similarly, section 1192.7, subdivision (c)(8) defines any felony as a 'serious felony' when 'the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . .' This includes gross vehicular manslaughter while intoxicated if, in the commission of the crime, the defendant personally inflicts great bodily injury on another person who is not an accomplice." (*People v. Wilson* (2013) 219 Cal.App.4th 500, 509-510 (*Wilson*).)

3

We review defendant's challenge to the trial court's serious felony and strike findings in accordance with the usual rules on appeal applicable to claims of insufficient evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206; *People v. Cortez* (1999) 73 Cal.App.4th 276, 279.) " 'The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*Ochoa*, at p. 1206.)

As the People concede, the evidence submitted by the prosecutor with regard to defendant's prior conviction was insufficient to establish that defendant personally inflicted great bodily injury on another person who was not an accomplice. At the time of defendant's prior conviction, section 191.5, subdivision (a) defined "[g]ross vehicular manslaughter while intoxicated" as "the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence." (Stats. 2002, ch. 622, § 1.) The elements of the offense were (1) driving a vehicle while intoxicated; (2) when so driving, committing some unlawful act, such as a Vehicle Code offense with gross negligence, or committing with gross negligence an ordinarily lawful act which might produce death; and (3) as a proximate result of the unlawful act or the negligent act, another person was killed. (*People v. Verlinde* (2002) 100 Cal.App.4th 1146, 1159.)

In 2004, defendant pleaded guilty to count one of the charging document, which alleged that defendant "unlawfully kill[ed] Jerry Walker . . . without malice aforethought,

4

in the driving of a vehicle in violation of Vehicle Code Sections 23140, 23152 and 23153 and the killing was the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence." By pleading to this charge, defendant admitted that another person was killed as a proximate result of his unlawful driving. But the fact that defendant proximately caused the death of another person does not establish that he *personally inflicted* great bodily injury *on any person other than an accomplice*. (See § 1192.8, subd. (a).)

"[P]roximate causation and personal infliction are two different elements." (*Wilson*, *supra*, 219 Cal.App.4th at p. 512.) " 'Proximately causing an injury is clearly different from personally inflicting an injury.' [Citation.] 'To "personally inflict" an injury is to directly cause an injury, not just to proximately cause it.' " (*People v. Bland* (2002) 28 Cal.4th 313, 337.) " 'We think it obvious that *an individual can and often does proximately cause injury without personally inflicting that injury*.' " (*Ibid.*; see *People v. Valenzuela* (2010) 191 Cal.App.4th 316, 321 (*Valenzuela*) ["proof a defendant proximately caused great bodily injury does not constitute proof the defendant personally inflicted such injury"].)

We conclude the evidence was insufficient to establish that defendant personally inflicted the injuries that killed the manslaughter victim. The evidence does not disclose how the victim died. As such, a factual basis does not exist to support the conclusion that defendant directly caused the injuries that killed the victim. (See *Valenzuela*, *supra*, 191 Cal.App.4th at pp. 322-323 ["While the bare facts of his plea establish that [the] defendant's reckless driving was a volitional act, . . . we have no facts describing the cause of the victims' injuries. It could be that the victims were injured when another driver swerved to avoid [the] defendant and that driver's vehicle collided with the victims. In such a case, the other driver's volitional act of swerving out of [the] defendant's path would be the direct cause of the victims' injuries, though [the]

5

defendant's reckless driving would still be the proximate cause."].) Further, we conclude the evidence was insufficient to establish that the victim was someone other than an accomplice in the crime. The charging document does not describe the victim's status, and no evidence was submitted showing that the victim was an innocent bystander or motorist. Therefore, there was no evidence demonstrating that the victim was not an accomplice. (See *Henley*, *supra*, 72 Cal.App.4th at pp. 561-562 [prosecutor failed to prove injured party was not an accomplice where neither the plea transcript nor the complaint mentioned the injured party's status, and the prosecutor did not present any evidence to prove that the injured party was not an accomplice].)

Absent additional facts regarding the crime, substantial evidence does not support the trial court's determination that defendant's violation of section 191.5, subdivision (a) was a serious felony within the meaning of section 1192.7, subdivision (c) to qualify as a strike under the three strikes law. The evidence presented did not establish that defendant personally inflicted great bodily injury on a person other than an accomplice. Accordingly, we shall reverse the trial court's findings that defendant's 2004 conviction for gross vehicular manslaughter while intoxicated qualifies as a prior serious felony and a strike under the three strikes law. We shall vacate defendant's sentence and remand for further proceedings.[3]

## II. Proceedings on Remand

The People contend that remand for retrial of the strike and prior serious felony allegations is appropriate. According to the People, the prosecutor should be given an opportunity to present additional evidence necessary to support the prior conviction

---

[3] Because we conclude that reversal is warranted for insufficient evidence, we will not consider defendant's argument that the trial court's strike finding violated his Sixth Amendment rights under the principles recognized by the United States Supreme Court in *Descamps v. United States* (2013) 570 U.S. \_\_\_\_ [186 L.Ed.2d 438] (*Descamps*).

allegations.  Defendant disagrees, arguing that remand would be unlawful, and that even if remand were a lawful option, remand for retrial would be "futile" because the Sixth Amendment precludes a court from finding the facts required to prove the prior conviction allegations, i.e., from determining whether defendant personally inflicted great bodily injury on any person other than an accomplice.

Because retrial of a strike allegation after a reversal for insufficient evidence is permissible (*People v. Barragan* (2004) 32 Cal.4th 236, 239), we reject defendant's contention that remand for retrial is unlawful.  We also reject defendant's contention that remand for retrial would be futile.

To support his futility argument, defendant relies on the United States Supreme Court's decision in *Descamps*.  However, before we consider the impact of *Descamps* on the appropriate proceedings to take place on remand, we discuss the California procedure for proof of a prior conviction.  In *People v. McGee* (2006) 38 Cal.4th 682 (*McGee*), our Supreme Court held that the trial court should decide whether a prior conviction constitutes a strike.  (See *id*. at pp. 698-699, 706 [recognizing that this rule is an exception to the general rule that any fact that increases the maximum penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt].)[4]  The court

---

[4]  In so holding, the California Supreme Court rejected the Court of Appeal's determination that the federal Constitution—based on the United States Supreme Court decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*)— grants a criminal defendant the right to have a jury examine the record of a prior criminal proceeding to determine whether an earlier conviction subjects the defendant to an increased sentence when that conviction does not itself establish on its face whether or not the conviction constitutes a qualifying prior conviction.  (*McGee*, *supra*, 38 Cal.4th at pp. 685-686.)  While the court "recognize[d] the possibility that the high court may extend the scope of the *Apprendi* decision in the manner suggested by the Court of Appeal, [it was] reluctant, in the absence of a more definitive ruling on this point by the United States Supreme Court, to overturn the current California statutory provisions and judicial precedent that assign to the trial court the role of examining the record of a prior criminal proceeding to determine whether the ensuing conviction constitutes a qualifying

explained the procedure for making this determination as follows:  "[T]he nature of the inquiry . . . is not . . . a determination or finding 'about the [defendant's earlier] conduct itself . . . .'  Instead, it is a determination regarding the nature or basis of the defendant's *prior conviction*—specifically, whether *that conviction* qualified as a conviction of a serious felony. . . .  [I]n making this determination, the inquiry is a limited one and must be based upon the record of the prior criminal proceeding, with a focus on the elements of the offense of which the defendant was convicted.  If the enumeration of the elements of the offense does not resolve the issue, an examination of the record of the earlier criminal proceeding is required in order to ascertain whether that record reveals whether the conviction realistically may have been based on conduct that would not constitute a serious felony under California law.  [Citation.]  The need for such an inquiry does not contemplate that the court will make an independent determination regarding a disputed issue of fact relating to the defendant's prior conduct [citation], but instead that the court simply will examine the record of the prior proceeding to determine whether that record is sufficient to demonstrate that *the conviction* is of the type that subjects the defendant to increased punishment under California law.  This is an inquiry that is quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court."  (*McGee*, *supra*, 38 Cal.4th at p. 706.)

Following *McGee*, the United States Supreme Court decided *Descamps, supra*, 570 U.S. ____ [186 L.Ed.2d 438].  In *Descamps*, the Supreme Court considered the issue of whether sentencing courts may examine certain documents to determine whether a

---

prior conviction under the applicable California sentencing statute."  (*McGee*, at p. 686.)  The court's reluctance was based on its determination that "there is a significant difference between the nature of the inquiry and the factfinding involved in the type of sentence enhancements at issue in *Apprendi* and its progeny as compared to the nature of the inquiry involved in examining the record of a prior conviction to determine whether that conviction constitutes a qualifying prior conviction for purposes of a recidivist sentencing statute . . . ."  (*McGee*, at p. 709.)

8

prior conviction for a crime with a single, indivisible set of elements qualifies as a "violent felony" under the enumerated offenses clause of the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e); *Descamps*, *supra*, 570 U.S. at p. ___ [186 L.Ed.2d at pp. 449-450]). The ACCA "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion.' To determine whether a past conviction is for one of those crimes, courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." (*Descamps*, *supra*, 570 U.S. at p. ___ [186 L.Ed.2d at p. 449], italics omitted.)

A " 'modified categorical approach' " is used "when a prior conviction is for violating a so-called 'divisible statute.' That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element of the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." (*Descamps*, *supra*, 570 U.S. at p. ___ [186 L.Ed.2d at p. 449].)

The issue in *Descamps* was whether a California burglary prior constituted a conviction for "generic" burglary and thus qualified as an ACCA predicate offense. (*Descamps*, *supra*, 570 U.S. at p. ___ [186 L.Ed.2d at p. 450].) The district court found that it did after reviewing the transcript of the plea colloquy in which the defendant had not objected to the prosecutor's statement describing certain facts of the crime. The

Ninth Circuit affirmed, and held "that when a sentencing court considers a conviction under . . . [a] statute that is 'categorically broader than the generic offense,'—the court may scrutinize certain documents to determine the factual basis of the conviction." (*Id*. at p. ___ [186 L.Ed.2d at p. 450-451].) The Ninth Circuit approach permitted an examination of "reliable materials" to determine " 'what facts' " can " 'confident[ly]' be thought to underlie the defendant's conviction in light of the 'prosecutorial theory of the case' and the 'facts put forward by the government.' " (*Id*. at p. ___ [186 L.Ed.2d at p. 454].) The Supreme Court reversed, holding that this kind of factfinding was impermissible because it "turns an elements-based inquiry into an evidence-based one . . . ." (*Id*. at p. ___ [186 L.Ed.2d at p. 455].) The court explained that one of the reasons for its "elements-centric, 'formal categorical approach' " is to "avoid[ ] the Sixth Amendment concerns that would arise from sentencing courts' making findings of fact that properly belong to juries." (*Ibid*.) The court concluded that because the finding of a predicate offense indisputably increases the maximum penalty under the ACCA, serious Sixth Amendment concerns are implicated by a sentencing "court's finding of a predicate offense . . . [that goes] beyond merely identifying a prior conviction. Those concerns . . . counsel against allowing a sentencing court to 'make a disputed' determination 'about what the defendant and state judge must have understood as the factual basis of the prior plea,' or what the jury in a prior trial must have accepted as the theory of the crime." (*Descamps*, at p. ___ [186 L.Ed.2d at pp. 456-457].)

The *Descamps* court explained, "Our modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held the Sixth Amendment permits. But the Ninth Circuit's reworking authorizes the court to try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct. [Citation.] And there's the constitutional rub. The Sixth Amendment contemplates that a jury—not a sentencing court—will find such facts,

10

unanimously and beyond a reasonable doubt. And the only facts the court can be sure the jury so found are those constituting elements of the offense—as distinct from amplifying but legally extraneous circumstances. [Citation.] Similarly, . . . when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements; whatever he says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment. [Citation.] So when the District Court here enhanced Descamps' sentence, based on his supposed acquiescence to a prosecutorial statement (that he 'broke and entered') irrelevant to the crime charged, the court did just what we have said it cannot: rely on its own finding about a non-elemental fact to increase a defendant's maximum sentence." (*Descamps*, *supra*, 570 U.S. at p. ___ [186 L.Ed.2d at p. 457].)

The California Supreme Court has yet to determine whether the procedure it described in *McGee* survives *Descamps*. However, several California appellate court decisions have examined the impact of *Descamps* on the California procedure for proof of a prior conviction, including *People v. Marin* (2015) 240 Cal.App.4th 1344 (*Marin*). In *Marin*, the appellate court concluded that "The California procedure for determining whether prior convictions qualify as strikes, insofar as it is based on judicial factfinding beyond the elements of the offense, is incompatible with the United States Supreme Court's view of the Sixth Amendment right to a jury trial as articulated in *Descamps*. In short, such judicial factfinding, which looks beyond the elements of the crime to the record of conviction to determine what conduct 'realistically' underlaid the conviction, violates the Sixth Amendment right to a jury trial."[5] (*Marin*, at p. 1363.) In so concluding, the appellate court reasoned, "The type of factfinding permitted by *McGee* is

___

[5] In reaching this conclusion, the *Marin* court determined that *Descamps* "constitutes the extension of *Apprendi* that *McGee* envisioned might occur." (*Marin*, *supra*, 240 Cal.App.4th at p. 1356.)

11

virtually indistinguishable from the Ninth Circuit approach that the high court disapproved in *Descamps*. The Ninth Circuit approach permitted an examination of 'reliable materials' to determine ' "what facts" can "*confident*[*ly*]" *be thought to underlie the defendant's conviction* in light of the "prosecutorial theory of the case" and the "facts put forward by the government." [Citation.]' [Citation]. Similarly, *McGee* permits an examination of the record of conviction to determine 'whether that record reveals whether the conviction *realistically may have been based on conduct* that would not constitute a serious felony under California law.' [Citation.] The two approaches—one based on facts 'confidently' believed to underlie the conviction, the other on facts that 'realistically' underlie the conviction—are in all relevant respects indistinguishable." (*Marin*, at p. 1362.)

The *Marin* appellate court continued, "*Descamps* leaves no true room for debate that this type of factfinding violates the Sixth Amendment. Though not a holding, the court's language is particularly pointed: a court's factfinding beyond identifying the elements of the crime 'would (*at the least*) raise serious Sixth Amendment concerns'; 'the Ninth Circuit's ruling *flouts our reasoning*' by 'extending judicial factfinding beyond the recognition of a prior conviction' [citation]; '[t]he Sixth Amendment *contemplates that a jury—not a sentencing court—* will find such facts . . . '; 'when the District Court here enhanced Descamps' sentence, based on [judicial factfinding], the court *did just what we have said it cannot* . . . : rely on its own finding about a non-elemental fact to increase a defendant's maximum sentence' [citation]. Such language conveys the unmistakable message that eight members of the high court believe (though they did not expressly hold in *Descamps*) that the Sixth Amendment precludes the kind of factfinding permitted by the Ninth Circuit approach, and hence, by *McGee*." (*Marin*, *supra*, 240 Cal.App.4th at pp. 1362-1363.)

As explained in *Marin*, "Beyond the elements of the crime, the scope of judicial factfinding that is incompatible with the right to a jury trial is variously described in *Descamps* as the following: (1) ' "a disputed" determination "about what the defendant and state judge must have understood as the factual basis of the prior plea," or what the jury in a prior trial must have accepted as the theory of the crime' [citations]; (2) a finding concerning 'what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct'; (3) a finding about 'amplifying but legally extraneous circumstances'; (4) inferences from a plea transcript based on 'whatever [a defendant] says, or fails to say, about superfluous facts' [citation]; and (5) the trial court's 'own finding about a non-elemental fact.' [Citation]. In its various wordings, the court's language conveys that judicial factfinding beyond the elements of the defendant's prior conviction—so called 'superfluous facts' or 'non-elemental facts'—is generally constitutionally impermissible. However, despite such language, the reasoning of *Descamps*, supplemented by its favorable treatment of *Shepard*[ *v. United States* (2005) 544 U.S. 13 [161 L.Ed.2d 205]], would permit judicial factfinding beyond the elements of the prior conviction if, in entering a guilty plea, the defendant waived his right to a jury trial as to such facts and either admitted them or they were found true by the court with the defendant's assent. (See [*id.*] at p. 16 ['a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, *and any explicit factual finding by the trial judge to which the defendant assented*' (italics added)]; *id*. at p. 26 ['[w]e hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant *in which the factual basis for the plea was confirmed by the defendant*, or to some comparable judicial record of this information' (italics added)].)" (*Marin*, *supra*, 240 Cal.App.4th at pp. 1363-1364.)

13

We agree with the *Marin* court's analysis regarding the impact of *Descamps* on the California procedure for determining whether a prior conviction qualifies as a strike. Accordingly, on remand, if the prosecution seeks to prove that defendant personally inflicted great bodily injury on a person other than an accomplice by resorting to documents in the record of conviction other than those identified in *Descamps* and *Shepard*, defendant is entitled to a jury trial, unless defendant waived his right to a jury trial and either admitted such facts or they were found true by the court with defendant's assent.[6]

## DISPOSITION

The judgment is reversed as to the trial court's true findings regarding the prior serious felony and strike allegations. We vacate defendant's sentence and remand for further proceedings. The prosecution may elect to retry the strike allegations by presenting additional evidence within the record of conviction. If the prosecution opts to retry the serious felony and strike allegations, defendant is entitled to a jury trial as to whether in his prior gross vehicular manslaughter while intoxicated conviction he personally inflicted great bodily injury on a person other than an accomplice, unless defendant waived his right to a jury trial and either admitted such facts or they were found true by the court with defendant's assent. If the prosecution opts not to retry the prior serious felony and strike allegations, the trial court shall enter "not true" findings

---

[6] The record reflects that a transcript of the plea colloquy regarding defendant's 2004 conviction for gross vehicular manslaughter while intoxicated was not submitted to the trial court. The record also reflects that a written plea agreement providing the factual basis for this conviction was not submitted to the trial court.

14

regarding the prior serious felony and strike allegations.  In any event, the trial court shall resentence defendant.  In all other respects, the judgment is affirmed.


                                                                BUTZ          , J.



We concur:



          ROBIE          , Acting P. J.



          RENNER          , J.


15