Filed 1/7/21  P. v. Saldaña CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULIO SALDAÑA,<br><br>Defendant and Respondent. | F077667<br><br>(Super. Ct. No. 18CMS0049)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Joel M. Murillo for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P.J., Peña, J. and Snauffer, J.

Defendant Julio Saldaña contends on appeal (1) the trial court erred in finding his prior conviction qualified as a "serious" prior felony conviction and thus a "strike" under the "Three Strikes" law and (2) his prior prison term enhancement should be stricken. The People concede both issues. We reverse in part, vacate the sentence in part, and remand.

## PROCEDURAL SUMMARY

On April 5, 2018, a third amended information charged defendant with murder (Pen. Code, § 187, subd. (a);[1] count 1), gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a); count 2), driving under the combined influence of alcohol and a drug proximately causing injury (Veh. Code, § 23153, subd. (g); count 3), and driving with a 0.08 percent or higher blood-alcohol concentration and proximately causing injury (Veh. Code, § 23153, subd. (b); count 4).[2]

The information further alleged as to all counts that defendant had suffered a prior strike conviction under the Three Strikes law (§§ 667, subds. (b)−(i), 1170.12, subds. (a)−(d))—a 2011 conviction for reckless driving and proximately causing great bodily injury and having previously been convicted of driving under the influence (Veh. Code, §§ 23104, subd. (b), 23152, subd. (b)).[3] The information also alleged defendant

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] Counts 3 and 4 were lesser included offenses of count 2.

[3] Vehicle Code section 23104, subdivision (b) provides: "A person convicted of reckless driving that proximately causes great bodily injury, as defined in Section 12022.7 of the Penal Code, to a person other than the driver, who previously has been convicted of a violation of [Vehicle Code] Section 23103, 23104, 23105, 23109, 23109.1, 23152, or 23153, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code, by imprisonment in the county jail for not less than 30 days nor more than six months or by a fine of not less than two hundred twenty dollars ($220) nor more than one thousand dollars ($1,000) or by both the fine and imprisonment."

had served two prior prison terms (§ 667.5, subd. (b)), based on the 2011 conviction and a 2013 conviction for second degree burglary (§ 459).

On April 6, 2018, the jury convicted defendant of count 2, gross vehicular manslaughter while intoxicated, and acquitted him of count 1.

In a bifurcated proceeding on the prior strike allegation, the trial court considered the prosecution's evidence of the 2011 prior conviction for Vehicle Code section 23104, subdivision (b) and whether it qualified as a serious felony conviction under sections 1192.7 and 1192.8. In the 2011 case, the information charged count 2 as "unlawfully driv[ing] a vehicle upon a highway in willful and wanton disregard for the safety of persons and property and … proximately caus[ing] great bodily injury, within the meaning of Penal Code Section 12022.7," and having a prior conviction for driving under the influence, in violation of Vehicle Code section 23104, subdivision (b). The minute order from 2011 reflects that defendant pled guilty to count 2 "as charged." Considering this evidence, the trial court in the current case questioned whether there was sufficient evidence that defendant had *personally inflicted* great bodily injury in the prior case for the conviction to qualify as a serious felony and thus a strike.

At the sentencing hearing on June 15, 2018, the trial court again considered whether the prior conviction qualified as a serious felony conviction, this time concluding that the inclusion in the information's allegation of "within the meaning of Penal Code Section 12022.7" raised the prosecution's own burden of proof and satisfied the finding of personal infliction. Thus, the court concluded the prior conviction qualified as a strike under the Three Strikes law. The court proceeded to impose a total of 21 years, as follows: the upper term of 10 years on count 2, doubled to 20 years pursuant to the Three Strikes law, plus one year for the prior prison term enhancement.[4]

---

[4] Although the court found both prior prison term allegations true, the probation officer reported that on January 12, 2015, the 2013 second degree burglary conviction

3.

On June 19, 2018, defendant filed a notice of appeal.

## DISCUSSION

### I.  Qualification of Prior Conviction as a Strike

Defendant contends there was insufficient evidence his 2011 conviction qualified as a serious felony.  The People acknowledge this case is indistinguishable from *People v. Valenzuela* (2010) 191 Cal.App.4th 316 (*Valenzuela*) and concede the trial court committed error.  We agree and borrow the analysis of *Valenzuela*.

#### A.  Law

"Section 1192.8 defines a 'serious' felony as including 'any violation of … subdivision (b) of Section 23104 … of the Vehicle Code, when any of these offenses involve the *personal infliction* of great bodily injury on any person other than an accomplice ….' (§ 1192.8, subd. (a), italics added.)  The People had the burden to prove each of the elements of this definition beyond a reasonable doubt.  [Citation.]

"We review defendant's challenge to the trial court's serious felony finding in accordance with the usual rules on appeal applicable to claims of insufficient evidence.  [Citations.]  [¶] ' "The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citations.]  On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' [Citation.]

"The prosecution is entitled to go beyond the least adjudicated elements of the prior offense and use the entire record to prove the prior conviction was for a serious or violent felony.  [Citations.]  When, however, the record fails to disclose the facts of the

---

had been reduced to a misdemeanor.  Thus, the court struck its finding on that prior prison term allegation.

prior crime, the court must presume the prior conviction was for the least offense punishable under the statute. [Citations.]

"Vehicle Code section 23104 is violated whenever reckless driving of a vehicle *'proximately causes great bodily injury* … to a person other than the driver ….' (Veh. Code, § 23104, subd. (b), italics added.) With nothing more than defendant's bare plea, we must assume defendant's reckless driving proximately caused injury to another person. [Citation.] But the fact that defendant proximately caused great bodily injury to another person does not establish that defendant *personally inflicted* great bodily injury to another person.

" '[T]he statutory term 'personally inflict' has a distinct meaning, which is something different than proximate cause. [Citation.]' [Citation.] Case law establishes that proof a defendant proximately caused great bodily injury does not constitute proof the defendant personally inflicted such injury." (*Valenzuela*, *supra*, 191 Cal.App.4th at pp. 320–321.)[5]

---

[5] "A defendant 'personally inflicts' great bodily injury if he directly causes the injury—that is, if the defendant 'himself' 'actually' 'inflicts the injury' by 'directly perform[ing] the act that causes the physical injury.' [Citations.] Under this definition, it is not enough to show that the defendant 'proximately cause[d]' the great bodily injury— that is, it is not enough to show that the defendant's conduct was a ' "substantial factor contributing" ' to the injury because that conduct 'set[ ] in motion the chain of events' that 'natural[ly]' ripened into the injury. [Citations.] It is also not enough to show that the defendant aided and abetted the person who directly caused the injury. [Citation.] Requiring this direct causal link furthers the enhancement's underlying purpose of imposing a greater penalty upon (and thereby deterring) persons who inflict such grievous injuries." (*People v. Ollo* (2019) 42 Cal.App.5th 1152, 1156–1157.)

**B. Analysis**

In 2011, defendant pled guilty to a violation of Vehicle Code section 23104, subdivision (b) and admitted having a prior drunk driving conviction. The information alleged he proximately caused great bodily injury.

Defendant's admission (based on his plea to the offense "as charged") that he drove recklessly and "proximately cause[d] great bodily injury" was insufficient to prove his 2011 prior conviction was for a serious felony. "The People must also prove defendant['s] [reckless driving] 'directly, personally, inflict[ed] the injur[ies]' to his victims. [Citation.] While the bare facts of his plea establish that defendant's reckless driving was a volitional act, we are still left to speculate on the precise cause of the victims' injuries." (*Valenzuela*, *supra*, 191 Cal.App.4th at p. 323.)

It also is not sufficient that defendant admitted he "proximately cause[d] great bodily injury, within the meaning of Penal Code Section 12022.7 …." "Section 12022.7 does not define 'proximately causing great bodily injury.' Indeed, the term 'proximately cause' appears nowhere in the statute. What is defined in section 12022.7 is 'great bodily injury,' which is defined as a significant or substantial physical injury. (§ 12022.7, subd. (f).)" (*Valenzuela*, *supra*, 191 Cal.App.4th at p. 323.) Thus, in defendant's admission that he " '[proximately] cause[d] great bodily injury upon [the victims], within the meaning of Penal Code section 12022.7,' the phrase 'within the meaning of Penal Code section 12022.7' can refer only to the term 'great bodily injury,' not 'proximately cause.' Any other interpretation would be without foundation in the statute." (*Valenzuela*, at p. 323.)

Thus, defendant's bare plea did not prove he personally inflicted great bodily injury on his victim. (*Valenzuela*, *supra*, 191 Cal.App.4th at p. 323.) "Without additional facts regarding the crime, there is insufficient evidence that defendant's prior conviction was for a serious felony within the meaning of Penal Code section 1192.8. We shall remand the case to the trial court with directions that the People be afforded the

6.

opportunity to present sufficient evidence that defendant was previously convicted of a serious felony. (*People v. Barragan* (2004) 32 Cal.4th 236, 239 ['[R]etrial of a strike allegation is permissible where a trier of fact finds the allegation to be true, but an appellate court reverses that finding for insufficient evidence.'].)" (*Valenzuela*, at p. 323.)

## II.    Prior Prison Term Enhancement

By way of supplemental briefing, defendant contends his prior prison term enhancement must be stricken in light of Senate Bill No. 136. The People concede and we agree.

Senate Bill No. 136 (2019−2020 Reg. Sess.) amended section 667.5, subdivision (b) to limit prior prison term enhancements to only prior terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) Defendant's prior prison term was served for the 2011 reckless driving conviction discussed above, not for a sexually violent offense, and thus it must be stricken.

## III.    Conclusion

In their supplemental brief, the People withdraw their request that we remand for resentencing, asserting it is unnecessary because the trial court imposed the maximum term possible, and the parties have agreed the sentence should not have been doubled pursuant to the Three Strikes law and the prior prison term must be stricken. The People urge us to strike the two improper sentences and reduce the sentence to 10 years. As noted, however, *Valenzuela* concluded remand is appropriate to allow the prosecution the opportunity to retry the strike allegation, if it so choses. Accordingly, we will remand to allow the prosecution this opportunity.

7.

## DISPOSITION

The trial court's finding that defendant was previously convicted of a serious felony (Veh. Code, § 23104, subd. (b)) in case No. 11CM2181 is reversed, and the prior prison term enhancement (§ 667.5, subd. (b)) is stricken. The sentence is vacated as to the doubling of the 10-year term and the one-year enhancement. The matter is remanded. The People shall have 60 days after the remittitur is filed in which to give notice of their intent to seek retrial of the prior serious felony strike allegation. If the People give such notice, the trial court shall hold a new trial on the prior strike allegation. If the People fail to give such notice, the court shall resentence defendant to 10 years. In either event, the court shall prepare an amended abstract of judgment and forward certified copies to the appropriate entities. In all other respects, the judgment is affirmed.