Filed 1/19/23  P. v. Funez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS OJEDA FUNEZ,<br><br>    Defendant and Appellant. | D079844<br><br><br><br>(Super. Ct. No. JCF005084) |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Judgment vacated, remanded with directions.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

Thomas Ojeda Funez appeals a judgment entered after he pleaded no contest in 2021 to a felony offense of discharging a firearm with gross

negligence (Pen. Code, § 246.3, subd. (a)[1]).  He contends the trial court erred in finding that an alleged prior felony conviction in 1992 for vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) constituted a strike when the record of conviction did not establish he "personally inflicted" great bodily injury.  The People concede, and we agree, that the record of conviction did not support such a finding.  We, therefore, vacate the judgment and remand the matter with directions for the trial court to reverse the prior strike finding and conduct further sentencing proceedings.

## BACKGROUND

Funez pleaded no contest to one count of discharging a firearm in a grossly negligent manner on September 11, 2021 (§ 246.3, subd. (a); count 1).[2]  He requested a court trial on the issue of whether an alleged strike for a 1992 conviction for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) qualified as a serious felony within the meaning of the three strikes law and thus subjected him to sentencing under that scheme.  (§§ 667, subds. (b)–(j), 1170.12, subdivision (a)–(d).)

Defense counsel submitted a sentencing brief explaining that the offense of gross vehicular manslaughter while intoxicated may constitute a strike as a serious felony only if the offense involves "the personal infliction of great bodily injury on any person other than an accomplice."  (§§ 1192.7, subd. (c)(8), 1192.8, subd. (a).)  The defense contended there was insufficient information about the 1992 conviction to determine if Funez personally

---

[1]    Further statutory references are to the Penal Code unless otherwise stated.

[2]    We omit a detailed discussion of the factual background of the current conviction because it is not relevant to the issues on appeal.

inflicted great bodily injury in committing the offense and, therefore, the court could not use the conviction as a strike prior for purposes of sentencing.

The People submitted a sentencing brief contending, based upon *People v. Gonzalez* (1994) 29 Cal.App.4th 1684, that vehicular manslaughter cases are serious felonies by the nature of the section 191.5 offense and, therefore, qualify as strikes. The People contended Funez must have inflicted great bodily injury upon the decedent because his death was the proximal result of Funez's actions.

The trial court heard arguments regarding whether the prior conviction qualified as a strike at a hearing on December 10, 2021. The people submitted an exhibit with the certified record of conviction, which contained the 1991 complaint, the minutes from the 1992 sentencing hearing, and the judgment. Defense counsel argued that under section 1192.8 (which codified *Gonzalez*), a gross vehicular manslaughter conviction only qualified as a serious felony for purposes of a strike offense if in committing the offense, the defendant personally inflicted great bodily injury upon a person other than an accomplice. Defense counsel gave examples of situations where an individual driving under the influence sets in motion a series of events that proximately cause a death without the defendant personally inflicting great bodily injury or death. Defense counsel argued the record of conviction provided by the People did not meet their burden of showing personal infliction of great bodily injury. The court took the matter under submission.

The court thereafter determined that the prior conviction qualified as a strike because "there was a death involved." The court granted a defense motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 528–531 to strike the strike. The court sentenced Funez to state prison for

3

the middle term of two years to run concurrently with a term imposed in another case (case No. JCF004108).  Funez appealed.

## DISCUSSION

Funez contends on appeal, as he did before the trial court, that there was insufficient evidence to prove his prior vehicular manslaughter conviction qualified as a strike because neither the elements of the crime nor the record of conviction established that he personally inflicted great bodily injury on a person as required by sections 1192.7, subdivision (c)(8), and 1192.8, subdivision (a).  The People concede, and we agree, that the trial court erred in determining the 1992 conviction qualified as a strike because there was insufficient evidence in the record of conviction to support such a finding.

"We review defendant's challenge to the trial court's serious felony finding in accordance with the usual rules on appeal applicable to claims of insufficient evidence."  (*People v. Valenzuela* (2010) 191 Cal.App.4th 316, 320.)

Section 1192.7, subdivision (c) enumerates specific offenses that qualify as serious felonies for purposes of the three strikes law.  Section 1192.7, subdivision (c)(8) provides that any felony may qualify as a serious felony if in committing the offense "the defendant personally inflicts great bodily injury on any person, other than an accomplice."  Section 1192.8, subdivision (a), further defines a serious felony as including "any violation of Section 191.5 [gross vehicular manslaughter while intoxicated (subd. (a)) or vehicular manslaughter while intoxicated (subd. (b))] . . . when [the offense involves] the personal infliction of great bodily injury on any person other than an accomplice . . . ."

4

Section 191.5, subdivision (a) defines gross vehicular manslaughter while intoxicated as "the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, and with gross negligence."

Personal infliction of great bodily injury is not an element of vehicular manslaughter as defined by section 191.5, which requires only that the defendant proximately caused another person's death. (*People v. Wilson* (2013) 219 Cal.App.4th 500, 511–512 (*Wilson*).) " 'To "personally inflict" an injury is to directly cause an injury, not just to proximately cause it.' [Citation.] In construing the phrase 'personally inflicts great bodily injury' in the analogous context of section 12022.7, the California Supreme Court held it applies 'only to a person who himself inflicts the injury.' " (*Id.* at p. 512 quoting *People v. Cole* (1982) 31 Cal.3d 568, 572.)

In other words, "the individual accused of inflicting great bodily injury must be the person who directly acted to cause the injury." (*Cole, supra*, 31 Cal.3d at p. 572.) "The defendant need not be exclusively involved in inflicting the injury, but the defendant must 'do so directly rather than through an intermediary . . . .' [Citation.] (*People v. Modiri* (2006) 39 Cal.4th 481, 493.) This construction proscribes a much narrower range of conduct than the element of proximate causation, which only requires that death be a foreseeable ' "direct, natural and probable" ' result of 'but for' causation." (*Wilson, supra,* 219 Cal.App.4th at p. 512.)

5

*People v. Ollo* (2021) 11 Cal.5th 682 explained a fact-specific inquiry is necessary to distinguish between personally inflicting an injury and proximate causation: "To determine whether a defendant personally inflicts an injury, fact finders and courts must examine the circumstances of the underlying offense and the defendant's role in causing the injury that followed." (*Id.* at p. 685.) The issue before the Supreme Court in *Ollo* was whether furnishing drugs to an individual who died after ingesting them constituted personal infliction of an injury. The Supreme Court concluded that distinguishing between cases where the act of furnishing drugs is only a proximate cause of injury and those "where the defendant causes injury 'directly and not through an intermediary' [Citation.] require a fact-specific analysis of the circumstances of the furnishing offense, including the role of the defendant and the victim in the events resulting in injury." (*Id.* at p. 693.) The court concluded the trial court erred as a matter of law by precluding the defense from arguing that the facts of that case did not support a great bodily injury enhancement because the victim voluntarily ingested the controlled substance. (*Ibid.*)

The trial court's finding here that Funez's prior conviction qualified as a serious felony "[b]ecause there was a death involved" was not supported by either the elements of the crime or a factual finding by the jury. Because Funez pleaded guilty to the charge of gross vehicular manslaughter while intoxicated, there was no jury finding on the issue of personal infliction of great bodily injury. The sparse record of conviction in this case did not contain the plea form or a transcript of the plea or sentencing hearings. There are no facts in the record about appellant's conduct, how it contributed to the decedent's death, or his relationship to the decedent. Thus, the record of conviction did not include a fact-based inquiry described in *Ollo* to allow a

finding that appellant personally inflicted injury upon the victim and that the victim was a nonaccomplice.

The trial court could not in this case go beyond the elements of the crimes for which appellant was convicted to enhance appellant's sentence. (*Wilson, supra,* 219 Cal.App.4th at p. 509; *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 ["Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."].) "The [sentencing] court's role is . . . limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*People v. Gallardo* (2017) 4 Cal.5th 120, 136.)

Here, as in *Wilson*, Funez's guilty plea permitted the trial court "by examining the 'nature or basis' of the vehicular manslaughter offense," to determine "that it involved great bodily injury" to the victim. (*Wilson, supra,* 219 Cal.Ap.4th at p. 511.) However, it "could not determine from the record of conviction whether the offense involved *personal infliction* without resolving a factual dispute. By pleading to the vehicular manslaughter charge, [the defendant] only admitted to the element of *proximately causing* [the decedent's] death." (*Ibid.*) The trial court did not have the power to resolve such a factual dispute at the sentencing hearing. (*Id.* at pp. 512–513.)

The error was not harmless because the strike finding limited the court's sentencing choices. Remand is necessary for resentencing. (*People v. Sengpadychith* (2001) 26 Cal.4th 316, 326 [applying *Chapman v. California* (1967) 386 U.S. 18, 24 standard to *Apprendi* error].)

7

DISPOSITION

The judgment is vacated and the matter is remanded with directions for the trial court to reverse the strike finding and to conduct further sentencing proceedings consistent with this opinion.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DO, J.