Filed 1/5/21  P. v. Sauceda CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SANTOS MANUEL SAUCEDA,<br><br>    Defendant and Appellant. | 2d Crim. No. B301139<br>(Super. Ct. No. 1434089)<br>(Santa Barbara County) |

Santos Manuel Sauceda appeals from the trial court's denial of his petition for resentencing.  (Pen. Code,[1] § 1170.95.) He contends the court erred when it summarily denied the petition because it:  (1) ignored the procedural requirements of section 1170.95, (2) violated his constitutional right to counsel, and (3) relied on hearsay statements in our opinion on direct appeal.  We affirm.

---

[1] Unlabeled statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY

In May 2015, a jury convicted Sauceda and four codefendants of first degree murder (§§ 187, subd. (a), 189, subd. (a)), and found true a special circumstance allegation that they committed murder during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)).[2] (*People v. Gonzales* (Aug. 7, 2018, B264384) 2018 WL 3737940 at p. *1 (*Gonzales*) [nonpub. opn.].) In a bifurcated proceeding, the trial court found true allegations that Sauceda had served two prior prison terms (§ 667.5, subd. (b)). (*Gonzales*, at p. *1.) It sentenced him to life in state prison without the possibility of parole plus two years. (*Ibid.*)

We affirmed the judgment on appeal. (*Gonzales*, *supra*, 2018 WL 3737940 at p. *17.) Among other things, we concluded that substantial evidence supported the jury's true finding on the kidnapping special circumstance allegation because Sauceda "was a major participant in the kidnapping that led to the victim's murder" and "demonstrated reckless disregard for human life." (*Id.* at p. *1; see *People v. Clark* (2016) 63 Cal.4th 522, 618-623 (*Clark*) and *People v. Banks* (2015) 61 Cal.4th 788, 797-803 (*Banks*).) Specifically, in the months prior to the murder Sauceda said that the outlook for the victim "[didn't] look good." (*Gonzales*, at p. *8.) After a codefendant lured the victim to a house, Sauceda helped to force him into a back room that had a shower curtain covering the carpeted floor. (*Id.* at p. *2.) He then "assisted in a violent and ultimately lethal attack of long duration during which" a codefendant tortured the

_____

[2] We grant the Attorney General's unopposed request to take judicial notice of the record and opinion in Sauceda's previous appeal. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1116, fn. 2; see Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

victim by looping a belt around his neck and attacking him with a machete and scissors.  (*Id.* at pp. *7-8.)  And though his codefendants inflicted most of the victim's injuries, Sauceda neither restrained them nor provided the victim with any assistance—despite being in a position to do so.  (*Id.* at p. *7.)  He was later "instrumental" in disposing of the victim's body.  (*Id.* at p. *8.)

After his case was final on appeal, Sauceda petitioned the trial court to resentence him pursuant to section 1170.95.  In his petition, Sauceda declared that:  (1) the information filed against him allowed the prosecution to proceed on a felony murder theory, (2) he was convicted of first degree felony murder, (3) he could not now be convicted of first degree murder based on amendments to sections 188 and 189, and (4) he was not the actual killer, did not harbor the intent to kill, and was not a major participant in the underlying kidnapping who acted with reckless indifference to human life.  Sauceda also requested the appointment of counsel to assist him during the resentencing process.

The trial court summarily denied Sauceda's petition without appointing counsel, concluding that he failed to make a prima facie showing that he was entitled to relief.  The jury found true the kidnapping special circumstance allegation, which required proof that Sauceda was a major participant in the kidnapping who acted with reckless indifference to human life.  In light of that finding—which was upheld on appeal—Sauceda was ineligible for section 1170.95 resentencing as a matter of law.

DISCUSSION

*Section 1170.95's procedural requirements*

Sauceda first contends the trial court's denial of his

3

section 1170.95 resentencing petition without appointing counsel violated the statute's procedural requirements.  We disagree.

In 2018, the Legislature enacted Senate Bill No. 1437 (S.B. 1437) to "amend the felony murder rule . . . to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish these goals, S.B. 1437 redefined "malice" in section 188, and narrowed the classes of persons liable for felony murder under section 189.  (Stats. 2018, ch. 1015, §§ 2-3.)  It also added section 1170.95 to the Penal Code, which permits those convicted of felony murder to petition to have their murder convictions vacated and to be resentenced on any remaining counts.  (Stats. 2018, ch. 1015, § 4.)

A convicted defendant may petition for resentencing where the information allowed prosecutors to proceed under a theory of felony murder, the defendant was convicted of first degree murder, and the defendant could not now be convicted of murder under the amendments to sections 188 and 189. (§ 1170.95, subd. (a).)  If the defendant files a petition declaring that they meet these requirements (*id.*, subd. (b)(1)(A)), the trial court undertakes a "two-step process" to determine whether they are eligible for relief (*People v. Offley* (2020) 48 Cal.App.5th 588, 596 (*Offley*); see § 1170.95, subd. (c)).

First, the court determines "whether the defendant has made a 'prima facie showing [that they] "fall within the provisions" of the statute.' [Citation.]"  (*Offley*, *supra*, 48 Cal.App.5th at pp. 596-597, alterations omitted.)  In making that determination, the court "may examine the record of conviction"

4

(*id.* at p. 597), including the instructions provided to the jury at trial and any prior decision on appeal (*People v. Gomez* (2020) 52 Cal.App.5th 1, 16 (*Gomez*), review granted Oct. 14, 2020, S264033).  If that examination reveals that the defendant does not fall within the provisions of section 1170.95 as a matter of law, the court may summarily deny the petition without appointing counsel.[3]  (*Offley*, at p. 597.)

---

[3] Nearly all decisions published to date are in accord.  (See *People v. Swanson* (2020) 57 Cal.App.5th 604, 617-618; *People v. Falcon* (2020) 57 Cal.App.5th 272, 277-279; *People v. Nunez* (2020) 57 Cal.App.5th 78, 90, fn. 5; *People v. Roldan* (2020) 56 Cal.App.5th 997, 1005; *People v. Jones* (2020) 56 Cal.App.5th 474, 484-485; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1168; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1144, review granted Oct. 14, 2020, S264284; *Gomez*, *supra*, 52 Cal.App.5th at pp. 15-16, review granted; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, fn. 10, review granted Sept. 23, 2020, S263939; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-902 (*Tarkington*), review granted Aug. 12, 2020, S263219; *People v. Lee* (2020) 49 Cal.App.5th 254, 262-263, review granted July 15, 2020, S262459; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-675, review granted July 8, 2020, S262481; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178 (*Torres*), review granted June 24, 2020, S262011; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-333 (*Verdugo*), review granted Mar. 18, 2020, S260493; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1140, review granted Mar. 18, 2020, S260598.)  We disagree with our colleagues in the First District who have adopted a contrary view.  (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 673-674; *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-123, review granted Nov. 10, 2020, S264684.)

If the examination reveals that the defendant may be eligible for relief, the court must move to the second step of the process and appoint counsel (if requested) to assist the defendant in subsequent proceedings. (*Offley*, *supra*, 48 Cal.App.5th at p. 597.) The prosecution may then file a response to the petition, and the defendant may file a reply. (*Ibid.*) If the moving papers show that the defendant may be eligible for relief, the court must "issue an order to show cause and hold a hearing to determine whether to grant the petition and resentence [them]." (*Ibid.*)

At that hearing, prosecutors must prove, beyond a reasonable doubt, that the defendant is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) In doing so, they "may rely on the record of conviction or offer new or additional evidence." (*Ibid.*) The defendant may also offer additional evidence. (*Ibid.*) If, after presentation of the evidence and argument, the trial court concludes that prosecutors did not meet their burden of proof, "the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the [defendant] shall be resentenced on the remaining charges." (*Ibid.*)

The record of conviction here reveals that Sauceda is ineligible for section 1170.95 relief as a matter of law. Before sending the case to jurors, the trial court instructed them on the intent required to prove the kidnapping special circumstance allegation. (*Gonzales*, *supra*, 2018 WL 3737940 at p. *8.) That instruction told jurors that they could convict Sauceda of first degree murder as an aider and abettor only if prosecutors proved either that: (1) he participated in the kidnapping with the intent to kill, or (2) his participation in the kidnapping began before or during the killing, he was a major participant in the kidnapping,

6

and he acted with reckless indifference to human life. (CALCRIM No. 703.)

These are the same theories that permit a first degree felony murder conviction under the amended version of section 189. (See § 189, subd. (e).) Thus, by finding the kidnapping special circumstance true, jurors necessarily determined that Sauceda could still be convicted of murder under current law. (*Gomez, supra*, 52 Cal.App.5th at pp. 14-15, review granted.) Summary denial of his resentencing petition was accordingly proper. (*Ibid.*; see also *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419-420 [defendant ineligible for section 1170.95 relief where jury found true a robbery special circumstance allegation].)

This is true despite the fact that the jury made its special circumstance finding in May 2015, prior to our Supreme Court's decisions in *Clark* and *Banks*. *Clark* and *Banks* "construed the meanings of 'major participant' and 'reckless indifference to human life' 'in a significantly different[] and narrower manner than courts had previously.' [Citation.]" (*People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835.) Because the jury in Sauceda's trial did not have these cases' guidance, it may have employed an outdated definition when it made its special circumstance finding, punishing him for conduct that is no longer prohibited. (*Torres, supra*, 46 Cal.App.5th at p. 1180, review granted.) But we decided Sauceda's direct appeal in 2018, and applied *Clark* and *Banks* when we upheld the jury's special circumstance finding. We thus concluded that that finding was based on conduct that remains prohibited today. It was therefore proper

7

for the trial court to rely on it when it denied Sauceda's section 1170.95 petition without appointing counsel.

*People v. Drayton* (2020) 47 Cal.App.5th 965 (*Drayton*) is not to the contrary. In *Drayton*, the trial court determined that the defendant was a major participant in the underlying felony who acted with reckless indifference to human life. (*Id.* at p. 982.) The court made that determination by evaluating the evidence offered at the preliminary hearing and making a credibility determination against the defendant. (*Id.* at pp. 981-982.) Engaging in such factfinding—as required by *Clark* and *Banks*—prior to issuing an order to show cause was error. (*Id.* at p. 982.)

In contrast to what occurred in *Drayton*, the trial court here did not engage in any factfinding. Rather, it relied on our prior opinion—which had already undertaken the analysis required by *Clark* and *Banks*—and found Sauceda ineligible for section 1170.95 relief as a matter of law. The statute's remaining procedural requirements were accordingly inapplicable. (*Offley*, *supra*, 48 Cal.App.5th at p. 597.)

*Right to counsel*

Sauceda next contends the trial court's summary denial of his resentencing petition violated his Sixth Amendment right to counsel and due process. We again disagree.

The Sixth Amendment guarantees a criminal defendant the right to counsel at all critical stages of the proceedings. (*Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, 1004-1005 (*Gardner*).) Critical stages are those "proceedings in which the [defendant] is brought in confrontation with the state, where potential substantial prejudice to the [defendant's] rights inheres in the confrontation,

8

and where counsel's assistance can help to avoid that prejudice." (*Ibid.*)  Included among these proceedings are the trial and initial appeal.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.)  The right to counsel also applies in resentencing proceedings.  (*People v. Rouse* (2016) 245 Cal.App.4th 292, 296, 299-301.)

But it does not apply where, as here, a postconviction petition does not state a prima facie case for relief.  (*People v. Shipman* (1965) 62 Cal.2d 226, 232.)  This is because the trial court's role upon receipt of such a petition is "simply to decide whether the [defendant] is ineligible for relief as a matter of law, making all factual inferences in [their] favor."  (*Verdugo, supra*, 44 Cal.App.5th at p. 329, review granted.)  The act of making that decision cannot be deemed a "critical proceeding" because it creates no "confrontation with the state . . . where counsel's assistance [could] help."  (*Gardner, supra*, 6 Cal.5th at pp. 1004-1005.)  The court does not exercise its discretion in any way, but instead makes a decision as a matter of law.  Because the presence of counsel would not contribute to that purely legal exercise, the Sixth Amendment is not implicated.  (Cf. *People v. Howard* (2020) 50 Cal.App.5th 727, 740 [section 1170.95 does not implicate Sixth Amendment right to jury trial].)

We also reject Sauceda's assertion that due process requires appointment of counsel at the initial prima facie determination.  Due process requires appointment of counsel in postconviction proceedings only "if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause."  (*In re Clark* (1993) 5 Cal.4th 750, 780, superseded by statute on another point as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808, 841-842.)  That did not happen here.

Moreover, due process is implicated when the state attempts to deprive a defendant of some liberty interest.  (*Hewitt v. Helms* (1983) 459 U.S. 460, 466, abrogated on another point by *Sandin v. Conner* (1995) 515 U.S. 472, 483, fn. 5.)  But Sauceda is "categorically ineligible for relief under section 1170.95." (*Tarkington*, *supra*, 49 Cal.App.5th at p. 908, review granted.)  He thus had "no liberty interest in the appointment of counsel, and . . . no expectation that counsel would be appointed for him." (*Ibid.*)

*Reliance on prior appellate opinion*

Finally, Sauceda contends the trial court erroneously relied on hearsay statements in our opinion on direct appeal to deny his resentencing petition.  He is incorrect.

In *People v. Woodell* (1998) 17 Cal.4th 448, 456 (*Woodell*), our Supreme Court explained that a prior appellate opinion is part of the defendant's record of conviction.  That opinion is admissible for the nonhearsay purpose of determining the basis for the conviction.  (*Id.* at p. 459.)  In *Woodell*, for example, the court had to determine whether the defendant had personally used a weapon and thus suffered a prior strike conviction.  (*Ibid.*)  A prior opinion discussed evidence from "an inmate that [the] defendant said he would "'kill somebody,'" that [he] was sharpening a scissor blade at certain times, and that [he] stabbed the victim from behind."  (*Id.* at pp. 459-460.)  If those statements were "offered to prove that [the] defendant did precisely those things, the evidence would be hearsay."  (*Id.* at p. 460.)  But the question before the court "was not whether defendant did precisely those things, but . . . whether [his] conviction was based on personal weapon use or vicarious

10

liability." (*Ibid.*)  The opinion, including the evidence from the inmate, "[could] be considered to decide [that] question."  (*Ibid.*)

The same is true here.  The trial court did not accept any statements in our prior opinion for the truth of the matter asserted therein, but rather looked to the opinion for the nonhearsay purpose of determining the basis for Sauceda's murder conviction.  It noted such things as the charges and allegations against Sauceda, the instructions given to the jury, the jury's findings and verdict, and our affirmance on appeal.  Taking notice of the *existence* of such evidence was entirely permissible (*Woodell*, *supra*, 17 Cal.4th at pp. 459-460), and was necessary for the court to determine whether Sauceda was ineligible for resentencing as a matter of law (cf. *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800-801 [opinion used to determine whether defendant was eligible for resentencing under Three Strikes Reform Act]; *In re Richardson* (2011) 196 Cal.App.4th 647, 667 [opinion used to determine whether defendant inflicted serious bodily injury]).

But even if the trial court did consider our prior opinion for some hearsay purpose, we would find no error.  In post-trial proceedings, statements contained in prior appellate opinions are admissible as reliable hearsay.  (*People v. Guilford* (2014) 228 Cal.App.4th 651, 660.)  Had Sauceda believed that our opinion misstated the facts, he could have raised that issue in a petition for rehearing.  (*Ibid.*)  He did not do so.  The opinion was thus sufficiently reliable to be considered in the proceedings below.  (*Id.* at pp. 660-661.)

11

DISPOSITION

The trial court's order denying Sauceda's petition for resentencing pursuant to section 1170.95, entered September 16, 2019, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

12

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.